FILED

2024 OCT -8 PM 2:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

ASH

MA'LENNA CAPERS
300 S Mountain Ave #1079
Upland, CA 91786
Phone Number : 626-646-4182
Email:palmdocsprocesshelper@gmail.com

MA'LENNA CAPERS IN PRO PER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MA'LENNA CAPERS<br>Plaintiff(s),<br>vs.<br>CITY OF RIVERSIDE, a municipal entity; COUNTY OF RIVERSIDE, a municipal entity; JURUPA VALLEY POLICE DEPARTMENT, a municipal entity and DOES 1-25<br>Defendant(s). | Case No.: 5:24-cv-01284-SB-BFM<br>**PLAINTIFF'S FIRST AMENDED COMPLAINT VIOLATION OF CIVIL RIGHTS 42U.S.C §1983( Fourth Amendment)**<br>**DATE:**<br>**TIME:**<br>**DEPT:** |

**PLAINTIFF ALLEGES AS FOLLOWS:**

This is a complaint for damages based upon federal civil rights and state constitutional rights violations committed by Defendant County of Riverside and its respective officials, uniformed peace officers, employees, and/or agents.

This case is brought pursuant to 42 U.S.C. §§1983, 1988 and California state law. Federal jurisdiction is based upon 28 U.S.C §§ 1331,1343(A)(1-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367(A).

**JURISDICTION**

1. Plaintiff brings this case pursuant to 42 U.S.C §§ 1983,1988 and California state law. Jurisdiction is based upon 28 U.S.C §§ 1331,1343 (1-4), Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C 1367

## VENUE

2. The claims alleged herein arose from events or omissions that occurred in the County of Riverside. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C §§ 1391.(b)(2).

## PARTIES

3. Plaintiff MA'LENNA CAPERS ( "Ms. Capers") was a resident and citizen of the State of California at all times material to this Complaint.

4. Plaintiff is informed, believes, and thereupon alleges the Defendant COUNTY OF RIVERSIDE ("Defendant County") is a duly constituted governmental entity in the State of California, and is, or was the employer of all individually named Defendants including, but not limited to, those who are sued in their official capacities, as well as one, or all of Defendant DOES 1 through 10

5. Plaintiff is informed, believes, and thereupon alleges the Defendant CITY OF RIVERSIDE ("Defendant CITY") is a duly constituted governmental entity in the State of California, and is, or was the employer of all individually named Defendants including, but not limited to, those who are sued in their official capacities, as well as one, or all of Defendant DOES 1 through 10

6. Plaintiff is informed, believes, and thereupon alleges the Defendant JURUPA VALLEY POLICE DEPARTMENT ("Defendant Deputies Employees)") is a duly constituted governmental entity in the State of California, and is, or was the employer of all individually named Defendants including, but not limited to, those who are sued in their official capacities, as well as one, or all of Defendant DOES 1 through 10

7. The identities, capacities, and/or nature of involvement of Defendant DOES 1 through 10 ( "Doe Defendants") are presently unknown to Plaintiff. Plaintiff therefore sue such persons using "Does" as fictitiously-named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged herein. Plaintiff will amend the Complaint to name Doe Defendants upon learning their true identities and roles in the actions complained of herein.

8. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Riverside, State of California and corporate and/ or entity Defendants, and each of them, are residents of the County of Riverside, State of California, and/or have their principal place of business in said County and State of California, and/or are doing business in said County and State.

9. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendant County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendant's acts were known to, discovered by, approved by, and/or ratified by Defendant County, by and through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendant County, Defendant City,and and applicable Doe Defendants.

10. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe

Defendants, under color of law. Plaintiffs informed, believes, and thereupon alleges that each of them individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants

11. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein.

12. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of her respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein.

13. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiffs expressive conduct.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.On or about November 14,2018 the defendant(s) assisted the owner of the property located at 7891 SLATE CREEK RD, CORONA CA 92880 with changing the locks with all of plaintiff personal, and valuable items inside along with emotional support dog and cat. On or about November 15th,2018 plaintiff was wrongfully placed under citizen arrest after providing a lease agreement signed by the owner. On September 26th,2022 the misdemeanor charges related to California Penal Code § 603 PC than changed to § 602.5 PC had been dismissed. Ms. Capers claim would not be barred by the statute of limitations as under California Government Code § 945.3

15.Ms. Capers alleges upon information and belief, that the November 15th,2018 detention was a continuation of the Deputies Employees expression of retaliatory intent toward her after the investigation on November 13th,2018 outside the residence.

16.Each of the aforementioned acts by each Deputies Employees directly and proximately cause Ms. Capers to suffer the following: violation of civil rights, loss of enjoyment of privacy, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury, pain and suffering, and great extreme mental anguish.

17.Ms. Capers endures, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

18.After unlawfully detaining, arresting and injuring Ms. Capers, the Deputies, and each of them, collaborated to write a false police report which falsely and fraudulently described Ms. Capers' actions, as well as fabricating actions by Ms. Capers and a basis for arrest, and as a result of the Deputies' advancement of their false and fabricated police report, Ms. Capers was wrongfully

prosecuted for one misdemeanor county of California Penal Code § 603 PC than changed to § 602.5 PC case# RIM1814861. This count was dismissed.

19. While handcuffing and handling Ms. Capers during her detention, the Deputies used excessive force and painfully contorted and applied pressure to her arms, and back causing injury. As a result of her injuries, Ms. Capers lost personal valuable items, her right to quite home, and the death of the family cat.

## FIRST CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C § 1983)

Fourteenth Amendment (Malicious Prosecution/Substantive Due Process)

By Plaintiff against The Deputies

18. Plaintiff incorporates all paragraphs, as though fully set forth herein.

19. This cause of action arises under 42 U.S.C § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Fourteenth Amendment to the United States Constitution.

20. The Defendant Deputies Employees acts by leaving Ms. Capers and another plaintiff related to this matter at the property on November 13th, 2018 stating the owner would need to take civil actions due to Deputies employees not being able to determine the authenticity of the lease agreement. With returning to the property November 14th, 2024 allowing the property management to change locks with all Ms. Capers items inside. Followed by a false statement of having a warrant November 15th, 2018 to get plaintiff out of the residence to civil arrest.

21. The Fourteenth amendment guarantees Plaintiff substantive due process of law.

22. The acts of Defendants were retaliatory, malice, deliberate and in contemplation of intimidating Ms. Capers. The Deputies acted with malice and oppression. Ms. Capers was maliciously prosecuted based on a fabricated police report, prepared by government agents, under the guise of their sworn duty as officers of the law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Capers' prays for the following relief from Defendants, and each of them, for each of the above causes of action:

- For compensatory damages, including general and special damages $1,000,000 according to proof;
- For such further relief which is just and proper.

Dated: 09/23/2024

Respectfully Submitted,

Ma'Lenna Capers

MA'LENNA CAPERS

DECLARATION OF MA'LENNA CAPERS

I, MA'LENNA CAPERS , declare:

I am the Plaintiff in this case. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could competently testify about what I have written in this declaration.

1. A true and correct copy of the SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF RIVERSIDE REPORTERS' TRANSCRIPT OF ORAL PROCEEDINGS related to case RIM1814861[ Exhibit A]
2. A true and correct copy of the SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF RIVERSIDE REPORTERS' TRANSCRIPT ON APPEAL related to case RIM1814861, APPEAL CASE NO. 2000025 [ Exhibit B]
3. A true and correct copy of the ORDER OF DISMISSAL related to case#RIC1904847 [ Exhibit C]
4. A true and correct copy of the TEMPORARY-MISDEMEANOR DIVERSION PROGRAM TERMS CR101 related to case#RIM1814861[ Exhibit D]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 9/23/2024

Ma'Lenna Capers

MA'LENNA CAPERS