UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 5:24-cv-01284-SB-BFM        **Date:** October 24, 2024

**Title:** *Ma'Lenna Capers v. City of Riverside, et al.*

===============================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order re: Screening of First Amended Complaint (ECF 13)**

On June 20, 2024, Plaintiff Ma'Lenna Capers filed a pro se civil rights Complaint. (ECF 1.) She was subsequently granted leave to proceed *in forma pauperis*. (ECF 6.) The Court issued a screening order pursuant to 28 U.S.C. § 1915(e), and dismissed her Complaint with leave to amend. (ECF 10.)

Plaintiff has since filed a First Amended Complaint. (ECF 13.) Like her original Complaint, Plaintiff's First Amended Complaint centers on an incident in 2018, in which she was locked out of a home for which she believed she had a proper lease. When she was found at the property the following day, she was arrested and prosecuted for trespassing—she claims, on the basis of a fabricated police report. Plaintiff sues several municipal entities that were involved in the investigation of this incident and in her arrest and prosecution, as well as the unnamed personnel who were involved in the incident.

After careful review, the Court finds Plaintiff's First Amended Complaint does not state a claim. The First Amended Complaint will therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:24-cv-01284-SB-BFM  **Date:** October 24, 2024

**Title:** *Ma'Lenna Capers v. City of Riverside, et al.*

===============================================================

be dismissed with leave to amend—meaning Plaintiff can again file a new, amended complaint that attempts to address the issues described in this Order, if she chooses to do so.[1]

## I. Standard of Review

Where a plaintiff has been granted permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims contained in the First Amended Complaint and views all inferences in a light most favorable to her. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

---

[1] A Magistrate Judge may dismiss a complaint with leave to amend without approval of the District Judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:**  5:24-cv-01284-SB-BFM               **Date:**  October 24, 2024

**Title:**  *Ma'Lenna Capers v. City of Riverside, et al.*

==================================================================

Because Plaintiff is not represented by counsel, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Where documents are incorporated into a complaint by reference, the Court may consider those documents in deciding whether the complaint states a claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, Plaintiff filed an exhibit list describing various court documents in her trespassing case; that list appears to match Exhibits A-D attached to Plaintiff's initial Complaint. (FAC at 8; ECF 1 at 11-21.) For purposes of this Order, the Court treats those documents as incorporated by reference.

## II. Plaintiff's Allegations

Plaintiff alleges the following facts, taken as true for purposes of this Order:

On November 13, 2018, Riverside County Sheriff's deputies were called out to a property in Corona, California. (FAC ¶ 14.) Plaintiff tried to show the deputies what she believed to be a valid lease to the property, but the deputies questioned the authenticity of the lease. (FAC ¶¶ 14, 20; *see also* ECF 1 at 26-29 (document attached to initial Complaint providing additional background relating to the disputed lease and investigation).) The following day, "defendant(s)" assisted the property owner in changing the locks to the property, which prevented Plaintiff from removing her personal items, including her cat and dog. (FAC ¶¶ 14, 20.)

On November 15, 2018, Plaintiff returned to the property and was arrested for trespassing. (FAC ¶ 14.) She believes her arrest was "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 5:24-cv-01284-SB-BFM     **Date:** October 24, 2024

**Title:** *Ma'Lenna Capers v. City of Riverside, et al.*

==================================================================

continuation of Deputies Employees expression of retaliatory intent toward her" after their investigation the prior day. (FAC ¶ 15.) She was injured when deputies contorted her arms during her arrest. She also lost personal valuable items as a result of being locked out of the property, and her cat died. (FAC ¶ 19.)

Plaintiff alleges that deputies collaborated to write a false report, which fabricated a basis for her arrest. Plaintiff was prosecuted for trespassing, though the charge was ultimately dismissed. (FAC ¶ 14.) Based on documents attached to the prior Complaint, it appears the charge was dismissed in March 2022 based on Plaintiff's completion of a diversion program. (ECF 1 at 20-21, 46-48.)

The First Amended Complaint alleges a single cause of action: a Fourteenth Amendment claim for malicious prosecution and a violation of Plaintiff's substantive due process rights. (FAC at ¶¶ 18-22.)

Plaintiff names the following municipal entities as Defendants: City of Riverside, County of Riverside, and the Jurupa Valley Police. The First Amended Complaint also lists Doe Defendants 1-25. (FAC at 1.)

Plaintiff seeks compensatory damages. (FAC at 7.)

### III. Plaintiff's Claims

#### A. Malicious Prosecution

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress a violation of "any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. Thus, while malicious prosecution is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:24-cv-01284-SB-BFM **Date:** October 24, 2024

**Title:** *Ma'Lenna Capers v. City of Riverside, et al.*

===============================================================

generally a state-law tort, malicious prosecution claims may be brought under § 1983. With respect to such claims, courts borrow elements of the state common-law cause of action. *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)). Under California law, a plaintiff must show "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in . . . plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." *Id.* (citation and internal quotation marks omitted). On top of the elements of the state-law claim, a plaintiff who wants to sue for malicious prosecution under § 1983 must also show the defendant prosecuted him for the purpose of denying a federal constitutional right. *Id.*

As with the initial Complaint, Plaintiff fails to plausibly plead a lack of probable cause. Plaintiff was arrested for trespassing.[2] The offense of trespassing has, as its elements, that the individual (1) was not a public officer or employee; (2) enters or remains in any house or similar structure; (3) without the consent of the owner or other authorized person. Cal. Penal Code § 602.5. Plaintiff has not alleged that there was a lack of probable cause as to any of these elements. Moreover, based on documents attached to the initial Complaint, it appears that law enforcement had probable cause for each of

---

[2] The original Notice to Appear charged trespassing but cited Penal Code 603, which is the offense of forcible trespassing. (ECF 1 at 46.) The error was promptly noted, and the citation amended to cite the correct code section, Penal Code 602.5. (ECF 1 at 47.) It appears that the code citation was in error, not that the deputies ever intended to arrest Plaintiff for forcible trespassing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:24-cv-01284-SB-BFM  **Date:** October 24, 2024

**Title:** *Ma'Lenna Capers v. City of Riverside, et al.*

================================================================

those elements at the time of arrest. (*See* ECF 1 at 25-26, 28-30 (noting steps taken by law enforcement to confirm ownership of property and lack of consent for entry).)

The primary difference between the Complaint and the First Amended Complaint is that, this time, Plaintiff did not attach the police reports that the Court pointed to as undermining her claims. This does not change the outcome for two reasons. First, the Court previously found the malicious prosecution claim lacking because Plaintiff had not *alleged* a lack of probable cause as to any of the elements—pointing to the police report only to suggest to Plaintiff that the records, in fact, suggested that probable cause existed. And second, the fact that the documents were not attached to the more recent filing does not prevent the Court from considering them. That is, "where an amended complaint has been filed, items pleaded or attached as exhibits to the original complaint may be considered to the extent they contradict assertions in the amended complaint." *Ticketmaster Corp. v. Tickets.Com, Inc.*, No. CV 99-7654 HLH (BQRx), 2000 WL 525390, at *1 (C.D. Cal. Mar. 27, 2000).

Plaintiff therefore has failed to allege essential elements of this claim. Because the Court cannot say "that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), the Court believes it appropriate to give Plaintiff another opportunity to attempt to amend her Complaint. Thus, **Plaintiff's claim for malicious prosecution is dismissed with leave to amend**.[3]

---

[3] In deciding whether and how to amend this claim, Plaintiff is again advised that it appears this claim may be time barred. A malicious prosecution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:24-cv-01284-SB-BFM                **Date:**   October 24, 2024

**Title:**   *Ma'Lenna Capers v. City of Riverside, et al.*

====================================================================

### B.  Fabrication of Evidence

Liberally construed, Plaintiff's Cause of Action also includes a claim of fabricated evidence. The Due Process Clause of the United States Constitution guarantees individuals the right "not to be subjected to criminal charges on the basis of false evidence that was deliberately manufactured by the government." *Deveraux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc); *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) ("The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official."). To prove a violation of that right, a plaintiff must show that (1) the defendant official deliberately fabricated evidence, and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Spencer*, 857 F.3d at 798. To meet the causation requirement, the plaintiff must establish both causation-in-fact and proximate causation. *Id.* at 800 (citation omitted). Unlike a malicious prosecution claim, however, a fabrication of evidence claim does not require a plaintiff to show a lack of probable cause for the charges. *Id.* at 801-02.

Here, it is not clear what evidence, exactly, Plaintiff alleges to be fabricated. It does not appear that she alleges that the deputies wholly invented the incident in the police report—she herself alleges that some incident involving her right to a leased property occurred, that Sheriff's

---

claim generally accrues no later than the date of the "favorable termination" of the prosecution. *See Peinado v. City & Cnty. of S.F.*, No. C-11-1799 EMC, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013). Here, it appears that diversion was completed and dismissal entered on March 3, 2022. (ECF 1 at 18.) The instant action, again, was filed on June 20, 2024—beyond the two-year statute of limitations that generally applies to § 1983 cases. (ECF 1 at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:24-cv-01284-SB-BFM                **Date:**   October 24, 2024

**Title:**   *Ma'Lenna Capers v. City of Riverside, et al.*

==================================================================

deputies mediated a dispute between her and the property owner, and that ultimately she was arrested. If there is some piece of a police report—some interview or other detail—that Plaintiff claims is fabricated, it is not clear from the First Amended Complaint what piece of evidence it is. Without more, Defendants could not be expected to meaningfully respond to the claim.

For this reason, Plaintiff's claim for fabrication of evidence must be dismissed. But as with the malicious prosecution claim, it is not clear that that gap in Plaintiff's pleading could not be filled by amendment, and thus the Court **dismisses the claim with leave to amend**.[4]

### C.   Proper Defendants

While the above analysis requires dismissal of the First Amended Complaint for failure to state a claim, the Court again notes that the First Amended Complaint does not properly allege the involvement of any Defendant in the violation of Plaintiff's constitutional rights.

---

[4] In deciding whether and how to amend this claim, Plaintiff is advised that it appears this claim, too, may be time barred. A claim that one was prosecuted based on fabricated evidence generally accrues no later than the date of the favorable termination of the prosecution. *See McDonough v. Smith*, 588 U.S. 109, 119 (2019). This incident occurred, and the police report was prepared, in late 2018. (ECF 1 at 23.) And dismissal of the charge was entered on March 3, 2022. (ECF 1 at 18.) The instant action, again, was filed on June 20, 2024—beyond the two-year statute of limitations that generally applies to § 1983 cases. (ECF 1 at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:24-cv-01284-SB-BFM            **Date:**   October 24, 2024

**Title:**   *Ma'Lenna Capers v. City of Riverside, et al.*

===============================================================

    Plaintiff names John Doe Defendants. While it is acceptable to refer to unknown defendants as John Does, Plaintiff "must allege specific facts showing how each particular doe defendant violated [her] rights." *Keavney v. Cnty. of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 WL 4192286 at *4-5 (S.D. Cal. July 21, 2020). Plaintiff must be as specific as possible under the circumstances (i.e., John Doe #1 is the individual who came to investigate the claim the first day; John Doe #2 is the deputy who conducted the arrest). Moreover, an individual should not be referred to as "John Doe" if his name is known, and as to at least some individuals referenced in the First Amended Complaint, their names appear on the Notice to Appear and police reports that were attached to the original Complaint. For each of these reasons, the allegations against the "unknown" individuals do not adequately state a claim.

    To the extent that Plaintiff included this language because she believes there could be other individuals who contributed to the constitutional violations she alleges, Plaintiff is advised that she may seek leave to amend her operative Complaint if she later becomes aware of additional Defendants. *See* Fed. R. Civ. P. 15 (explaining the conditions under which a party may amend its pleadings).

    Plaintiff also names several municipal entities as Defendants: the City and County of Riverside and the Jurupa Valley Police. A government entity is not liable simply because it employs someone who violates the rights of a citizen—often referred to as "respondeat superior" liability. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). Instead, a plaintiff who wants to sue a municipal entity for constitutional violations must not only show that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:24-cv-01284-SB-BFM            **Date:**  October 24, 2024

**Title:**  *Ma'Lenna Capers v. City of Riverside, et al.*

==================================================================

her constitutional rights were violated, but must also prove that that constitutional violation was either caused by a municipality's "policy, practice, or custom" or was ordered by a policy-making official. The policy, practice, or custom must be the "moving force" behind a violation of constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

It appears Plaintiff attempts to address this issue by alleging that the municipal entities "approved and ratified" the acts of individual Sheriff's deputies and that the Defendants "engaged in a common plan" to deprive Plaintiff of her rights. (FAC ¶¶ 9-11.) Such allegations are entirely conclusory, however, and purely conclusory allegations are not entitled to the presumption of truth. *Sprewell*, 266 F.3d at 988; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). Without those conclusory allegations, Plaintiff has not stated a *Monell* claim against any municipal entities.

### IV.   Conclusion

Because the First Amended Complaint fails to state a claim on which relief can be granted against any named Defendant, it is dismissed with leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:24-cv-01284-SB-BFM              **Date:**   October 24, 2024

**Title:**   *Ma'Lenna Capers v. City of Riverside, et al.*

===============================================================

  If Plaintiff wants to continue with this suit, she must file a Second Amended Complaint **no later than November 25, 2024**. The Second Amended Complaint:

- Must bear the case number assigned in this case;
- Must be labeled "Second Amended Complaint";
- Must be complete in and of itself—meaning it does not require the court to reference the original Complaint, or any other pleading, attachment, or document; and
- Must be signed and dated.

  If Plaintiff no longer wishes to pursue this action, she may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The Court clerk is directed to include a blank copy of Central District form CV-09, "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(c) or (c)," along with this Order.

  Plaintiff is warned that if she does not do either of these things within the deadline set by the Court (or seek an extension of that deadline, if she has a good reason to do so), **the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend**.

  **IT IS SO ORDERED**.

cc:   Ma'Lenna Capers, pro se

Initials of Preparer:   ch