MA'LENNA CAPERS

300 S Mountain Ave #1079

Upland, CA 91786

Phone Number : 626-646-4182

Email:palmdocsprocesshelper@gmail.com

Pro-PER

FILED

2024 NOV 25 PM 3: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MA'LENNA CAPERS, | ) Case No.  5:24-cv-01284-SB-BFM |
|        Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S SECOND AMENDED** |
| CITY OF RIVERSIDE, a municipal entity; | ) **COMPLAINT VIOLATION OF CIVIL** |
| COUNTY OF RIVERSIDE, a municipal | ) **RIGHTS 42U.S.C §1983** |
| entity; JURUPA VALLEY POLICE | ) **( Fourth Amendment)** |
| DEPARTMENT , a municipal entity and | ) **VIOLATION OF CIVIL RIGHTS 42** |
| their employees Invest G. Medina #4020, | ) **U.S.C. § 1983 (Municipal Liability-** |
| Inv.Munoz #4833, | ) **Monell)** |
| | ) |
| CITY OF NORCO a municipal entity and | ) DATE: |
| their employees, X. Martinez #3698 | ) TIME: |
|   Does 1-25, inclusive, | )  DEPT: |
|        Defendant(s). | ) |
| | ) |
| | ) |

**PLAINTIFF ALLEGES AS FOLLOWS:**  This is a complaint for damages based upon federal civil rights and state constitutional rights violations committed by Defendant County of Riverside, City Of Riverside, City

of Norco and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. §§1983, 1988 and California state law. Federal jurisdiction is based upon 28 U.S.C §§ 1331,1343(A)(1-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367(A).

## JURISDICTION AND VENUE

Plaintiff brings this case pursuant to 42 U.S.C §§ 1983,1988 and California state law. Jurisdiction is based upon 28 U.S.C §§ 1331, 1343 (1-4), Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C 1367

The claims alleged herein arose from events or omissions that occurred in the County of Riverside. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C §§ 1391. (b)(2).

## PARTIES

1. Plaintiff MA'LENNA CAPERS ("Ms. Capers") was a resident and citizen of the State of California at all times material to this Complaint.

2. Plaintiff is informed, believes, and thereupon alleges that Defendant Inv.Munoz #4833("Defendant Munoz") and defendant  Invest G. Medina #4020("Defendant Medina") was at all times material herein a policy maker andor supervisor and acting under color of law within the course and scope of his employment and office at the Jurupa Valley Police Department. Defendant Munoz is being sued under his official capacity. Defendant Medina is being sued under his official capacity.

3. Plaintiff is informed, believes, and thereupon alleges that Defendant X. Martinez #3698("Defendant Martinez") was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the Norco Sheriff's Department. Defendant Martinez is being sued under his official capacity.

4. Plaintiffs informed, believes, and thereupon alleges that Defendant COUNTY OF RIVERSIDE ("Defendant County") is a duly constituted governmental entity in the State of California, and is, or was, the employer of two individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

5.  Plaintiffs informed, believes, and thereupon alleges that Defendant CITY OF RIVERSIDE ("Defendant CITY OF RIVERSIDE") is a duly constituted governmental entity in the State of California, and is, or was, the employer of two individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

6.  Plaintiffs informed, believes, and thereupon alleges that Defendant CITY OF NORCO ("Defendant CITY OF NORCO) is a duly constituted governmental entity in the State of California, and is, or was, the employer of one individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

7.  All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Riverside, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of Riverside, State of California, and/or have their principal place business in said County and/or State, and/or are doing business in said County and State.

8.  Plaintiff is informed, believes, and thereupon alleges that all Defendant's employed by Defendant County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant County.

9.  Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein.

10. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. This action arises from Plaintiff Ms. Capers wrongfully being placed under citizen's arrest for trespassing on the property of another under the guise of a lease agreement attached herein (see Exhibit F)

12. On November 13th,2018 Plaintiff was interrogated by Defendant from 1714 -1856 presented the written contract than left at the property located at 7891 SLATE CREEK RD, CORONA CA 92880 as the authentication of the lease agreement was unable to be determine by Defendant's deputies. ( see exhibit E the person incident report filed by Investigator Munoz officer ID#4833)

13. Plaintiff was advised that the owner agent Liberty Fund, LLC would be serving notice to vacate.

14. On November 14th, 2018 which plaintiff was away, Defendants witnessed owner Liberty Fund, LLC of 7891 Slate Creek Rd, Corona CA 92880 agent change front door locks with plaintiff personal, valuable items and emotional support cat. ( Please see exhibit H " deputy Martinez officer ID#3698 incident report page #2 lines 1-7) also see Exhibit K " Notice of Right to Reclaim abandoned property) which Plaintiff notice after arriving home from running errands.

15. On November 15th,2018 , Plaintiff was wrongfully cited for trespassing ( please see exhibit "J" and the correct of this citation ( Exhibit I)

16. On December 8th, 2018, Plaintiff's property had all been moved into the garage and she was able to obtain what remained of her personal, and valuable items that had not been missing or damaged, the family emotional support animal was declared deceased.

17. On September 26th,2022 criminal charges dismissed see TEMPORARY-MISDEMEANOR DIVERSION PROGRAM TERMS CR101 related to case#RIM1814861[ Exhibit D]

18. Each of the aforementioned acts by each Defendant directly and proximately caused Ms. Capers to suffer the following: violation of civil rights, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury, pain and suffering, and great and

extreme mental anguish. MS. Capers endures, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each ofthem.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Fourteenth Amendment (Malicious Prosecution / Substantive Due Process) By Plaintiff against the Deputies**

19. Plaintiff incorporates all paragraphs, as though fully set forth herein. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

20. The Fourteenth Amendment guarantees Plaintiff substantive due process ofl law.

21. The complained of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may family be said to shock the contemporary conscience.

22. The acts of Defendants were retaliatory, deliberate, and in contemplation of intimidating Ms. Capers. The Deputies acted with malice and oppression. Ms. Capers was interrogated up to estimated 2hrs (1714 hrs-1900 hrs. on November 13th, 2018 after providing her statement and proof of lease agreement). Deputies than witnessed the owner change front door lock with Plaintiff's personal, valuable, and emotional support animals inside. Detained, than wrongfully arrested Plaintiff November 15th, 2018, maliciously prosecuted based upon a fabricated police report, prepared by government agents, under the guise of their sworn duty as officers of the law.

SECOND CLAIM FOR RELIEF

## **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) Unconstitutional Policy, Custom, or Procedure (Monell)**

### **By Plaintiff against Defendant County**

23. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendant County violated Ms. Capers constitutional rights, as alleged supra by creating and maintaining the following unconstitutional customs and practices, inter alia:

24. Ms. Capers alleges that Ms. Capers alleges that Defendant County, Defendant City of Riverside, Defendant City of Norco has a de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom expression;

25. Ms. Capers alleges that Defendant County, Defendant City of Riverside, Defendant City of Norco all have has a de facto policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

26. Ms. Capers alleges that Defendant County, Defendant City of Riverside, Defendant City of Norco has a de facto policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

27. Ms. Capers alleges that Defendant County, Defendant City of Riverside, Defendant City of Norco  has a defector policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

28. Ms. Capers alleges that Defendant County, Defendant City of Riverside, Defendant City of Norco   specifically alleges that Defendant County's/City's policy,  and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, Defendant City of Riverside, Defendant City of Norco, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Ms. Capers

29. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Ms. Capers when revisiting the property on November 14th,2018 assisting the owner with

changing front door locks with all Plaintiff's personal, valuable, and emotional support animals inside.

30. Ms. Capers specifically alleges that Defendant County's Defendant City of Riverside, Defendant City of Norco policy, custom, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, Defendant City of Riverside, Defendant City of Norco to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Ms. Capers

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Capers' prays for the following relief from Defendants, and each of them, for each of the above causes of action:

- For compensatory damages, including general and special damages $1,000,000 according to proof;
- For such further relief which is just and proper.
- For compensatory damages against the individual defendants in an amount to be
- proven at trial;
- For interest;
- For such further other relief as the Court may deem just, proper, and appropriate.

## DECLARATION OF MA'LENNA CAPERS

I am the Plaintiff in this case. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could competently testify about what I have written in this declaration.

1. A true and correct copy of the SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF RIVERSIDE REPORTERS' TRANSCRIPT OF ORAL PROCEEDINGS related to case RIM1814861[ Exhibit A]

2. A true and correct copy of the SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF RIVERSIDE REPORTERS' TRANSCRIPT ON APPEAL related to case RIM1814861, APPEAL CASE NO. 2000025 [ Exhibit B]

3. A true and correct copy of the ORDER OF DISMISSAL related to case#RIC1904847 [ Exhibit C]

4. A true and correct copy of the TEMPORARY-MISDEMEANOR DIVERSION PROGRAM TERMS CR101 related to case#RIM1814861[ Exhibit D]

5. A true and correct copy of the the the INCIDENT REPORT BY INV.MUNOZ OFFICER ID#4833 [ Exhibit E]

6. A true and correct copy of the RESIDENTIAL LEASE FOR MONTH-TO-MONTH[ Exhibit F]

7. A true and correct copy of the TRUSTEES DEED UPON SALE[ Exhibit G]

8. A true and correct copy of the INCIDENT REPORT BY X. MARTINEZ OFFICER ID#3698[ Exhibit H]

9. A true and correct copy of the NOTICE TO APPEAR related to case#RIM1814861[ Exhibit I ]

10. A true and correct copy of the COUNTY OF RIVERSIDE- SHERIFF'S DEPARTMENT ORDER OF ARREST-BY PRIVATE PERSONS related to case#RIM1814861[ Exhibit J]

11. A true and correct copy of the NOTICE TO RECLAIM ABANDONED PROPERTY[ Exhibit K]

I declare under penalty of perjury under the laws of the State of California that

The foregoing is true and correct

Dated: 11-22-2024

Respectfully submitted,

*Ma'Lenna Capers*
MA'LENNA CAPERS

# EXHIBIT A

SUPERIOR COURT - STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                       )
              Plaintiff,               )
                                       )
     vs.                               )        Case No. RIM1814861
                                       )
DEANDRE TERRENCE MARTIN                )
MALENNA LATONYA ANIT CAPERS,           )
                                       )
              Defendants.              )
     ——————————————————————————        )


REPORTERS' TRANSCRIPT OF ORAL PROCEEDINGS

BEFORE THE HONORABLE THOMAS KELLY

August 5, December 2, 2019; January 10, 2020


APPEARANCES:

For the Plaintiff:          OFFICE OF THE DISTRICT ATTORNEY
                            By:  SARAH OROZCO
                                 CHRIS BOUFFARD
                            3960 Orange Street
                            Riverside, California   92501


For the Defendant:          DEANDRE TERRENCE MARTIN
                            MA'LENNA LATONYA ANITA CAPERS
                            In Propria Persona


Reported By:                TRINA N. FEHLMAN, CSR No. 10684
                            DENISE K. FRINGER, CSR No. 10283
                            CHRISTINA M. FOSTER, CSR No. 11982



TRINA N. FEHLMAN, CSR, RPR, CRR

## APPEARANCE INDEX

| DATE | PAGES |
|------|-------|
| 08-05-19 | 4-13 |
| 12-02-19 | 14-17 |
| 01-10-20 | 18-28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

SUPERIOR COURT – STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

APPELLATE DIVISION

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff/Appellant,<br><br>vs.<br><br>DEANDRE TERRENCE MARTIN<br>MALENNA LATONYA ANIT CAPERS,<br><br>Defendants/Respondents. | Appeal Case No. 2000025<br><br>Case No. RIM1814861<br><br>Volume 1 of 1<br>Pages 1-31 |

REPORTERS' TRANSCRIPT ON APPEAL

BEFORE THE HONORABLE THOMAS KELLY

August 5, December 2, 2019; January 10, 2020

APPEARANCES:

For the Plaintiff/Appellant:        OFFICE OF THE DISTRICT ATTORNEY
                                    3960 Orange Street
                                    Riverside, California   92501

For the Defendants/Respondents:     DEANDRE TERRENCE MARTIN
                                    MA'LENNA LATONYA ANITA CAPERS
                                    In Propria Persona

Reported By:                        TRINA N. FEHLMAN, CSR No. 10684
                                    DENISE K. FRINGER, CSR No. 10283
COPY                                CHRISTINA M. FOSTER, CSR No. 11982

TRINA N. FEHLMAN, CSR, RPR, CRR

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

1    Department 7
     Riverside County Superior Court
2    4050 Main Street
     Riverside, CA 92501
3

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 0 9 2022

S. Salazar

4                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

5                             COUNTY OF RIVERSIDE

6    MA'LENNA CAPERS                          CASE NO. RIC1904847

7

8                                  Plaintiff

9    vs.                                  **ORDER OF DISMISSAL**

10   JURUPA VALLEY POLICE DEPARTMENT et al

11                                 Defendant

12

13   ____   The entire action is dismissed, including any consolidated complaints, cross-complaints, and
14          complaints in intervention. All future hearings currently scheduled in this action are vacated
            except for any hearing on a motion to determine good faith settlement.
15
     ____   The complaint is dismissed [__] in its entirety  [__] only as to defendant(s) _____
16
     _____
17
            [__] only as to the claims of plaintiff(s) _____.
18
     ____   The cross-complaint[s] of _____
19
     _____
20
            [is][are] dismissed [__] in [its][their] entirety  [__] only as to cross-defendant(s) _____
21
     _____
22
            [__] only as to the claims of cross-complainant(s) _____.
23
     ____   The complaint in intervention filed by_____
24
     _____ on _____ is dismissed in its entirety.
25
     ____   Other _____

_____ The dismissal[s] [is] [are] at the request or with the consent of [__] plaintiff(s) [__] plaintiff(s) in intervention [__] cross-complainant(s) and [is] [are] [__] with [__] without prejudice.

_____ The dismissal is *with* prejudice and is entered for the following reason(s):

    _____ Demurrer sustained without leave to amend (Code Civ. Proc., § 581, subd. (f)(1).)

    _____ Failure to amend after demurrer sustained. (Code Civ. Proc., § 581, subd. (f)(2).)

    _____ Other: _____

__X__ The dismissal is *without* prejudice and is entered for the following reason(s):

    __X__ Failure of [ X ] plaintiff(s) [__] plaintiff(s) in intervention [__] cross-complainant(s) to file in a timely fashion a declaration in response to an order to show cause why the matter should not be dismissed. (See RSC Local Rule 3116.)

    _____ Failure of [__] plaintiff(s) [__] plaintiff(s) in intervention [__] cross-complainant(s) to show good cause why the matter should not be dismissed.

    _____ Failure to comply with Fast Track rules.  In light of the plaintiff's persistent  failure to prosecute this action in the diligent manner required by the Code of Civil Procedure and the California Rules of Court, the failure of the prior sanctions imposed by the Court to improve the plaintiff's compliance with those requirements, and the plaintiff's failure to appear today or otherwise oppose the dismissal of this action by filing a declaration in response to the OSC, the Court finds that it is not reasonable to expect that the imposition of sanctions less severe than dismissal would be effective in gaining plaintiff's compliance.  Accordingly, the matter is dismissed pursuant to Government Code section 68608, subdivision (b).

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to seek relief from stay.

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to retain counsel.

    _____ Failure to serve summons within 2 years.  (Code Civ. Proc., § 583.420, subd. (a)(1).)

    _____ Failure to serve summons within 3 years.  (Code Civ. Proc., § 583.250, subd. (a)(2).)

    _____ Failure to bring to trial within 2 years.  (Code Civ. Proc., § 583.420, subd. (a)(2)(B).)

    _____ Failure to bring to trial within 3 years.  (Code Civ. Proc., § 583.420, subd. (a)(2)(A).)

    _____ Failure to bring to trial within 5 years.  (Code Civ. Proc., § 583.310.)

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to appear at trial. (Code Civ. Proc., § 581, subds. (b)(5) & (*l*).)

    _____ The Court previously imposed monetary sanctions without effect on_____.

    _____ Other: _____

Date:  3\3\22                              _____
                                            O.G. Magno, Judge of the Superior Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

CR101

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220<br>☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225<br>☐ **INDIO** 46-200 Oasis St., Indio, CA 92201<br>☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563<br>☒ **RIVERSIDE** 4100 Main St., Riverside, CA 92501 | *FOR COURT USE ONLY*<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>MAR 24 2022 |

PEOPLE OF THE STATE OF CALIFORNIA

vs.

DEFENDANT: Ma'lenna Capers

ADDRESS:

CASE NUMBER: RIM1814861

---

### TEMPORARY – MISDEMEANOR DIVERSION PROGRAM TERMS
### Penal Code § 1001.95

☒ Defendant waives the right to a speedy trial for up to two (2) years.

☒ Diversion is granted for a period of ___6___ months.

☒ Defendant is ordered to obey all laws, ordinances, and court orders.

Defendant is ordered to complete the following:

☐ See attached program addendum, and/or:

☒ violate no law
    stay away from 7891 Slate Creek Rd
    Eastvale, CA

☐ Enroll by: _____

☐ A Hearing re: Proof of Enrollment and/or Progress is set for _____ at _____ in Department _____

☒ A Hearing re: Dismissal [PC §1001.95] is set for **9/26** at **8:00** in Department **64** .

Defendant is ordered to pay the following fees/restitution; failure to pay may result in reinstatement of criminal proceedings:

☒ Diversion program fees directly to the misdemeanor program provider.

☒ Pay diversion restitution fee of $100.00 to the Court (PC §1001.90).

☒ ~~Pay victim restitution in the amount of $~~ **N/A** ~~for the benefit of~~ _____ , to be collected through Enhanced Collections Department (PC §1001.96(b).)

☐ Pay victim restitution, for the benefit of _____ ; amount to be determined by the Probation Department. Any dispute as to the amount is to be resolved at a court hearing.

☐ Other: _____

Page 1 of 2



DEFENDANT: Ma'lenna Capers

CASE NUMBER: RIM1814861

Defendant agrees to report any change of address to the Court, enroll in and complete the misdemeanor diversion program prior to the dismissal hearing date noted above, appear in court as ordered above, and pay all fees/restitution set forth above.

Defendant shall report to the Enhanced Collections Department (ECD) of the Riverside Superior Court within five (5) days of this referral and shall follow the directives of ECD in arranging to pay the fees and restitution imposed.

Date: 3/24/22

Defendant: _____    Defense Counsel: _____

District Attorney: _____    Interpreter: _____

IT IS SO ORDERED:

Date: 3/24/22

_____
(JUDGE OF THE SUPERIOR COURT)
JOHN MOLLOY

**Penal Code Section 1001.95(d):** "If it appears to the court that the defendant is not complying with the terms and conditions of diversion, after notice to the defendant, the court shall hold a hearing to determine whether the criminal proceedings should be reinstituted. If the court finds that the defendant has not complied with the terms and conditions of diversion, the court may end the diversion and order resumption of the criminal proceedings."

**Penal Code Section 1001.97(a):** "Upon successful completion of the terms, conditions, or programs ordered by the court pursuant to Section 1001.94, the arrest upon which diversion was imposed shall be deemed to have never occurred. The defendant may indicate in response to any questions concerning their prior criminal record that they were not arrested. A record pertaining to an arrest resulting in successful completion of the terms, conditions, or programs ordered by the court shall not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate."

**Penal Code Section 1001.97(b):** [Regardless] of [the] successful completion of diversion, the arrest upon which the diversion was based may be disclosed by the Department of Justice in response to a peace officer application request and that, notwithstanding subdivision (a), this section does not relieve [defendant] of the obligation to disclose the arrest in response to a direct question contained in a questionnaire or application for a position as a peace officer, as defined in Section 830."

# EXHIBIT E

## INCIDENT REPORT

**DATE PREPARED:** 11/19/2018     RIVERSIDE COUNTY SHERIFF CA0330000    ☒ INITIAL   ☐ SUPPLEMENTAL

| 1. FILE NUMBER | 2. DATE/TIME REPORTED | 3. DATE/TIME ASSIGNED | 4. DATE/TIME INV. START | 5. DATE/TIME INV. TERM | 6. ADULT ARR | 7. JUV ARR |
|---|---|---|---|---|---|---|
| EV183170081 | 11/13/2018   1711 | 11/13/2018   1714 | 11/13/2018   1723 | 11/13/2018   2010 | | |

| 8. OFFENSES – CODE SECTION | CRIME | | COUNTS | 9. EDP CODE |
|---|---|---|---|---|
| CIVIL | NON – CRIMINAL | | 01 | 25Z1-N |

| 10. OFFENSES – CODE SECTION (Add or Change to) | CRIME | COUNTS | 11. EDP CODE |
|---|---|---|---|
| | | | |

| 12. OFFENSES – CODE SECTION (Add or Change to) | CRIME | COUNTS | 13. EDP CODE |
|---|---|---|---|
| | | | |

| 14. LOCATION OF OCCURRENCE | 15. REP. DIST. | 16. OCCURRED ON- | DATE/TIME | 17. OR BETWEEN | DATE/TIME |
|---|---|---|---|---|---|
| 7891 Slate Creek Road, Eastvale | 012-E | 11/13/2018 | 1711 | | |

| 18. BUSINESS NAME | 19. BUSINESS PHONE | 20. CASE STATUS/ CLEARANCE |
|---|---|---|
| Liberty Fund, LLC | (617) 426-3750 | Exceptional |

**21. WAS THIS INCIDENT RELATED TO MARIJUANA?** ☐ YES   ☒ NO   (If yes, briefly include in narrative or additional details how it was related)

### VICTIM – REPORTING PARTY – WITNESS – OTHERS:    ☒ SEE ADDITIONAL PERSONS REPORT

| 22. INVL | 23. NAME (Last, First, Middle) | 24. SEX | 25. RACE | 26. DOB | 27. AGE | 28. HT | 29. WT | 30. HAIR | 31. EYES | 32. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| REP | Durazo, Rafael, Jr. | M | H | 06/11/1985 | 33 | 510 | 285 | Blk | Bro | Med |

| 33. RESIDENCE ADDRESS | CITY | ZIP | 34. EMAIL ADDRESS | 35. RES PHONE |
|---|---|---|---|---|
| 1600 North H. Street | Oxnard | 93030 | secures@bdr.la | (818) 665-9940 |

| 36. BUSINESS ADDRESS | CITY | ZIP | 37. EMAIL ADDRESS | 38. BUS PHONE |
|---|---|---|---|---|
| 27489 Agoura Road | Agoura Hills | 91376 | secures@bdr.la | (818) 483-4851 |

| 39. INVL | 40. NAME (Last, First, Middle) | 41. SEX | 42. RACE | 43. DOB | 44. AGE | 45. HT | 46. WT | 47. HAIR | 48. EYES | 49. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Investigator G. Medina #4020 | | | | | | | | | |

| 50. RESIDENCE ADDRESS | CITY | ZIP | 51. EMAIL ADDRESS | 52. RES PHONE |
|---|---|---|---|---|
| Riverside County Sheriff's Department | | | | |

| 53. BUSINESS ADDRESS | CITY | ZIP | 54. EMAIL ADDRESS | 55. BUS PHONE |
|---|---|---|---|---|
| 7477 Mission Blvd. | Jurupa Valley | 92509 | N/A | (951) 955-2600 |

### SUSPECT: ☐ ADULT ☐ JUVENILE    ☐ PAROLE ☐ PROBATION    ☐ SEE ADDITIONAL PERSONS REPORT ☐ ARRESTED

| 56. SUS# | 57. NAME (Last, First, Middle) | 58. SEX | 59. RACE | 60. DOB | 61. AGE | 62. HT | 63. WT | 64. HAIR | 65. EYES | 66. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| 67. DRIVER'S LICENSE NUMBER / ID NUMBER | IN POSSESSION YES / NO | 68. STATE | 69. SOCIAL SECURITY NUMBER | 70. MNI NUMBER | 71. CII NUMBER |
|---|---|---|---|---|---|
| | | | | | |

| 72. RESIDENCE ADDRESS | CITY | ZIP | 73. EMAIL ADDRESS | 74. RES PHONE |
|---|---|---|---|---|
| | | | | |

| 75. BUSINESS ADDRESS | CITY | ZIP | 76. EMAIL ADDRESS | 77. BUS PHONE |
|---|---|---|---|---|
| | | | | |

| 78. JUVENILE DISPOSITION | ☐ OTHER JURIS. | ☐ JUV. CRT. PROB. | ☐ WITHIN DEPT. | ☐ DETAINED | ☐ NOT DETAINED |
|---|---|---|---|---|---|

| 79. GANG DATA | 80. TATTOOS/SCARS/MARKS/CLOTHING DESCRIPTION |
|---|---|
| GANG NAME(S): _____ <br> ☐ Member ☐ Associate ☐ Self-Admit ☐ Prior Knowledge <br> TATTOOS / SCARS / MARKS <br> ☐ Face ☐ Neck ☐ R. Arm ☐ L. Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs | |

### VEHICLE:   ☐ REFER TO CHP 180 FORM FOR STOLEN, RECOVERED, TOWED OR IMPOUNDED

| 81. INVL | 82. LICENSE | 83. STATE | 84. YEAR | 85. MAKE | 86. MODEL | 87. BODY STYLE | 88. S/L/R/O   AUTO VALUE |
|---|---|---|---|---|---|---|---|
| | | | | | | | Code   $ |

| 89. COLOR/COLOR | 90. VIN # | 91. OTHER IDENTIFIERS | 92. DISPOSITION OF VEHICLE |
|---|---|---|---|
| | | | |

| 93. REGISTERED OWNER | 94. ADDRESS | CITY | STATE | ZIP | 95. PHONE |
|---|---|---|---|---|---|
| | | | | | |

☐ PROPERTY REPORT ATTACHED FOR STOLEN, RECOVERED OR DAMAGED PROPERTY     | 101. DAMAGED PROPERTY VALUE $ |

| REPORTING OFFICER | OFFICER I.D. | REVIEWED BY/DATE | ENTERED BY/DATE | ENTERED BY/DATE |
|---|---|---|---|---|
| Inv. V. Munoz | 4833 | S. Perez 4240 / 11218 | UM9 11319 | |

| COPIES TO: | | APR SENT: | APR CANCELLED: | DOJ-NCIC ENTERED: | DOJ-NCIC CANCELLED: |
|---|---|---|---|---|---|

11/26/18 ndm <br> DAXS np 18/03

N6446 3/5/19

ADDITIONAL PERSONS REPORT

RIVERSIDE COUNTY SHERIFF CA0330000

■ INITIAL   ☐ SUPPLEMENTAL

FILE NUMBER
EV183170081

## VICTIM – REPORTING PARTY – WITNESS – OTHERS:

| 1. INVL | 2. NAME (Last, First, Middle) | 3. SEX | 4. RACE | 5. DOB | 6. AGE | 7. HT | 8. WT | 9. HAIR | 10. EYES | 11. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Mendoza, Andres | M | H | 070796 | 22 | 511 | 182 | Blk | Bro | Med |
| 12. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 13. RES PHONE | | |
| 5107 Lindsey Avenue | | Pico Rivera | | | | 90660 | | (818) 309-6829 | | |
| 14. BUSINESS ADDRESS | | CITY | | | | ZIP | | 15. BUS PHONE | | |
| 27489 Agoura Road | | Agoura Hills | | | | 91376 | | (818) 483-4851 | | |

| 16. INVL | 17. NAME (Last, First, Middle) | 18. SEX | 19. RACE | 20. DOB | 21. AGE | 22. HT | 23. WT | 24. HAIR | 25. EYES | 26. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Hodge, Joshua, Steven | M | H | 011587 | 31 | 511 | 220 | Bro | Bro | Med |
| 27. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 28. RES PHONE | | |
| 1346 Cardigan Avenue | | Ventura | | | | 93004 | | (818) 577-6186 | | |
| 29. BUSINESS ADDRESS | | CITY | | | | ZIP | | 30. BUS PHONE | | |
| 27489 Agoura Road | | Agoura Hills | | | | 91376 | | (818) 483-4851 | | |

| 31. INVL | 32. NAME (Last, First, Middle) | 33. SEX | 34. RACE | 35. DOB | 36. AGE | 37. HT | 38. WT | 39. HAIR | 40. EYES | 41. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Martin, Deandre, Terrence | M | B | 111886 | 32 | 510 | 176 | Blk | Bro | Drk |
| 42. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 43. RES PHONE | | |
| 7891 Slate Creek Road | | Eastvale | | | | 92880 | | (909) 775-3478 | | |
| 44. BUSINESS ADDRESS | | CITY | | | | ZIP | | 45. BUS PHONE | | |
| 2515 S. Euclid Avenue | | Ontario | | | | 91762 | | (909) 395-0243 | | |

| 46. INVL | 47. NAME (Last, First, Middle) | 48. SEX | 49. RACE | 50. DOB | 51. AGE | 52. HT | 53. WT | 54. HAIR | 55. EYES | 56. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Capers, Ma'Lenna Latonya | F | B | 030396 | 22 | 506 | 145 | Blk | Grn | Drk |
| 57. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 58. RES PHONE | | |
| 7891 Slate Creek Road | | Eastvale | | | | 92880 | | (714) 770-4393 | | |
| 59. BUSINESS ADDRESS | | CITY | | | | ZIP | | 60. BUS PHONE | | |
| 441 N. Central Avenue | | Upland | | | | 91786 | | (909) 982-1991 | | |

| 61. INVL | 62. NAME (Last, First, Middle) | 63. SEX | 64. RACE | 65. DOB | 66. AGE | 67. HT | 68. WT | 69. HAIR | 70. EYES | 71. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Watson, Rhonda, Alicia | F | B | 121562 | 57 | 506 | 185 | Blk | Blk | Drk |
| 72. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 73. RES PHONE | | |
| 364 E. 24th Street | | Upland | | | | 91784 | | (310) 413-9286 | | |
| 74. BUSINESS ADDRESS | | CITY | | | | ZIP | | 75. BUS PHONE | | |
| 24318 Hemlock Avenue, Suite #5-A | | Moreno Valley | | | | 92557 | | (951) 571-6510 | | |

| 76. INVL | 77. NAME (Last, First, Middle) | 78. SEX | 79. RACE | 80. DOB | 81. AGE | 82. HT | 83. WT | 84. HAIR | 85. EYES | 86. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| OTH | Haweileh, Fadi | M | O | 011789 | 29 | 509 | 185 | Blk | Bro | Med |
| 87. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 88. RES PHONE | | |
| 364 E. 24th Street | | Upland | | | | 91784 | | (909) 731-6884 | | |
| 89. BUSINESS ADDRESS | | CITY | | | | ZIP | | 90. BUS PHONE | | |
| 8250 White Oak Avenue | | Rancho Cucamonga | | | | 91730 | | (909) 731-6884 | | |

| 91. INVL | 92. NAME (Last, First, Middle) | 93. SEX | 94. RACE | 95. DOB | 96. AGE | 97. HT | 98. WT | 99. HAIR | 100. EYES | 101. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 102. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 103. RES PHONE | | |
| | | | | | | | | | | |
| 104. BUSINESS ADDRESS | | CITY | | | | ZIP | | 105. BUS PHONE | | |
| | | | | | | | | | | |

| 106. INVL | 107. NAME (Last, First, Middle) | 108. SEX | 109. RACE | 110. DOB | 111. AGE | 112. HT | 113. WT | 114. HAIR | 115. EYES | 116. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 117. RESIDENCE ADDRESS | | CITY | | | | ZIP | | 118. RES PHONE | | |
| | | | | | | | | | | |
| 119. BUSINESS ADDRESS | | CITY | | | | ZIP | | 120. BUS PHONE | | |
| | | | | | | | | | | |

Riverside County Sheriff-Adpers (b) Form 438 (Revised 11-24-2015)

**CONTINUATION PAGE**

Page Number: **3**

## EVIDENCE:

| Item: | Quantity: | Description: | Barcode: |
|---|---|---|---|
| 01 | 01 | CD-R containing video of the initial investigation. | 2106943 |
| 02 | 01 | CD-R containing audio statement of Rhonda Watson | 2106944 |
| 03 | 01 | CD-R containing audio statement of Fadi Haweileh | 2106945 |

The above items were booked into the Jurupa Valley Station's Property Room as evidence on 11/20/18, at approximately 0811 hours, by me.

## ATTACHMENTS:

#1). Copy of lease agreement for property of 7891 Slate Creek Road in the city of Eastvale.

#2). Copy of Transaction History Report from "DataTree" database.

#3). Copy of Trustee's Deed from County of Riverside Assessor-County Clerk Recorder.

## BACKGROUND:

The residence at 7891 Slate Creek Road in the city of Eastvale, California is located in a housing track amongst occupied homes. According to the Riverside County Assessor Clerk-Recorder, the home is listed as Lot #134 of Tract No. 30735 in the county of Riverside. The Riverside County Assessor Clerk-Recorder listed the Trustee Deed belonging to Liberty Fund, LLC. Records indicate the house was placed for sale on the housing market on 08/24/18. The home was scheduled to be vacant; however, the utilities were currently running and funded in the name of Liberty Fund LLC until the home would be sold.

## DETAILS:

On 11/13/18, at approximately 1714 hours, I was working uniformed patrol in a marked black and white Eastvale Police Department vehicle. I was dispatched to 7891 Slate Creek Road in the city of Eastvale, reference a trespassing call. Upon arrival, I contacted the reporting party, Rafael Durazo, where he told me the following statement. The following is a summary of Rafael Drazo's statements (*Refer to the audio recording for complete interview details and specific language*). This summary may be paraphrased in portions and not in chronological order.

## RAFAEL DURAZO'S STATEMENT (REPORTING PARTY):

Rafael is employed by BDR Inc. and is assigned to a team in which their primary objective is to secure and preserve the company's investment homes and buildings. Rafael has worked as a team leader for the business for approximately five years. Investment Group "Liberty Funds LLC" currently owns the property at 7891 Slate Creek Road in the city of Eastvale (*Refer to Attachment #2 and Attachment #3*). Liberty Funds contracted,



FILE NUMBER
EV183170081

Case 5:24-cv-01284-SB-BFM    Document 16    Filed 11/25/24    Page 24 of 51    Page ID
#:128

**CONTINUATION PAGE**

Page Number: 4

1   BDR Inc. to manage and secure investment homes, to include the above listed address. BDR Inc. has
2   determined Rafael to be an acting agent on behalf of Liberty Funds for the above listed address.
3
4   On 11/13/18, Rafael and his team members, Andres Mendoza and Joshua Hodge, were notified of a possible
5   trespasser on Liberty Funds property, located at 7891 Slate Creek Road in the city of Eastvale. Rafael and his
6   team responded to the residence and observed a vehicle in the driveway of the home. Rafael was advised that
7   the property was for sale and it was to be vacant.   Upon Rafael's arrival, he observed a black BMW in the
8   driveway of the home. Rafael and his team attempted to make contact with the occupant(s) of the home;
9   however, were unbale to receive any answer at the front and rear doors of the residence.
10
11  Rafael had received confirmation from BDR Inc. that no person(s) should be occupying the home and
12  demanded the occupant(s) to exit the residence. Moments later, an additional BMW arrived and a black male
13  adult, later identified as Deandre Martin, exited the vehicle and questioned why Rafael and his team were at his
14  residence. Rafael explained to Deandre that the home belonged to Liberty Funds and it not to be occupied by
15  any person.   During the contact Deandre claimed he had recently purchased the residence and advised the
16  home belonged to him and his fiancé. Deandre refused to allow Rafael and his team to enter the home and
17  continued to state he and his fiancé have lived at the home for several weeks. As the conversation continued,
18  Deandre stated he was leasing to own the home and explained he had completed a lease agreement with a
19  realtor.
20
21  Rafael attempted to explain to Deandre that he had the deed to the home and additional documents confirming
22  the home belonged to Liberty Funds and they did not authorize a contract or lease agreement to any person for
23  the residence. Rafael advised Deandre he possible could have fallen victim of fraud; however, he would be
24  considered a trespasser if he refused to leave the residence.   Due to Deandre's refusal to leave, Rafael
25  contacted the Riverside County Sheriff Department's dispatch and requested a deputy to the scene.
26
27  During the investigation I contacted Deandre Martin in front of the home. I detained Deandre and placed him
28  in the rear seat of my patrol vehicle until I could determine if any additional subjects were inside the home. I
29  assured Deandre he was not under arrest and reiterated he was only detained. While Deandre was seated in the
30  rear seat of my patrol unit he told me the following. The following is a summary of Deandre Martin's
31  statements (*Refer to the audio recording for complete interview details and specific language*). This summary
32  may be paraphrased in portions and not in chronological order.
33
34  **DEANDRE MARTIN'S STATEMENT (OTHER):**
35
36  Deandre stated he and his fiancé, Ma'Lenna Capers, came to view the residence several times prior to
37  11/01/18.  Deandre initially told me he received the keys to the residence on 11/01/18 and claimed he and
38  Ma'Lenna began to move in their belongings on 11/07/18. Deandre explained that his fiancé, and two children
39  live at the residence; however, his children were currently at his mother's home.
40
41  Deandre stated the home was for sale by "First National Bank" and he purchased the home through a
42  representative of "Fannie Mae". Deandre explained that he contacted the agent, identified as Bradley, through
43  Quality Management Group, while searching to purchase a home. Deandre claimed he and his fiancé obtained
44  an approval for his loan through the first-time buyer program. Deandre stated he and Ma'Lenna placed a
45  deposit down for the home prior to the purchase.

1  Deandre wrote a check for the deposit to Quality Management Group and claimed he could provide me a
2  receipt if necessary. Deandre could not explain if he was paying rent or a mortgage.
3
4  During the interview I requested Deandre to explain how a realtor conducted a "Open House" on 11/11/18, in
5  attempt to sale the home, if he and his family were residing in the home. Deandre said the "open house"
6  statement was false and denied there was anyone at his home attempting to sale the residence since he moved
7  in. Deandre stated maybe someone fabricated the story, reference the open house, in attempt to make him look
8  bad or attempt to get him out of the home. Deandre expressed he did not feel he was being represented fairly
9  and requested I speak to his realtor or attorney to clarify his living arraignment and lease of home.
10
11  During the investigation I explained to Deandre that BDR Inc. was representing the true owner of the
12  residence and suggested he was possibly a victim of a fraudulent lease of the home. I advised Deandre that
13  BDR Inc. had provided the dead to the home which indicated that the owner was listed as Liberty Funds
14  LLC. I told Deandre the owner had no documentation and did not authorize a lease agreement or "rent to
15  own" purchase of the home. Deandre refused to leave the home fearing his belongings would be
16  unsecured if he were to leave. I advised Deandre that BDR Inc. was willing to work with his situation and
17  he could contact their business to schedule a date to obtain his belongings. Deandre continued to refuse,
18  expressing it was unfair to have him removed. I reiterated that the owner did not authorize the sale or lease
19  of the home and offered to begin a fraud investigation reference his alleged contract between he and the
20  agent claiming to be Bradley Wellner.
21
22  Deandre was advised that if he and Ma'Lenna refused to leave the residence BDR would request a private
23  person's arrest for trespassing. When this information was provided, Deandre claimed BDR broke into his
24  home and claimed one of their staff members "keyed" his vehicle. Deandre stated prior to BDR's arrival,
25  he left the location in his blue colored BMW. Upon his return, BDR was at his home and he discovered
26  his black colored BMW, parked in the driveway of the home, contained "key" marks. Deandre believed
27  the damage was purposely caused by BDR staff; however, he did not witness the incident.
28
29  During the investigation, Ma'Lenna Capers exited the home and identified herself as Deandre's fiancé.
30  While Ma'Lenna was present at the scene she told me the following statement. The following is a
31  summary of Ma'Lenna Capers' statements (*Refer to the audio recording for complete interview details and*
32  *specific language*). This summary may be paraphrased in portions and not in chronological order.
33
34  ## MA'LENNA CAPERS STATEMENT (OTHER):
35
36  Ma'Lenna Capers stated she and Deandre were searching market for a home and contacted "Fannie Mae"
37  via telephone and where provided a list of agents to assist with the purchase. Ma'Lenna explained they
38  made contact with an agent by the name of Bradley Wellner, working for a business by the name of
39  "Quality Management Group". Bradley told Deandre and Ma'Lenna that the house had a "rent to own"
40  program. Ma'Lenna and Deandre provided a deposit to Quality Management Group, via Bradley, for the
41  home on 11/01/18. Ma'Lenna claimed that Bradley advised they were approved and received the keys to
42  the home the week prior. Ma'Lenna stated she and Deandre moved into the home several days later.
43
44  During the investigation, Ma'Lenna provided me with a copy of the lease agreement for the residence
45  (*Refer to Attachment # 1*). Ma'Lenna advised that the total deposit, to include the first month's rent, and
46  pet fees, was a total of $4,100.00. Ma'Lenna claimed she had a receipt for the down payment; however,

1  she was unbale to locate it at that time of the initial investigation, due to the recent move. Ma'Lenna
2  explained that when she first was shown the home by Bradley, the for-sale sign was on the post in the front
3  yard; however, when she received the keys to the home, the sign was no longer posted.
4
5  During the initial investigation on 11/13/18, I was unable to determine the authenticity of the lease
6  contract. I informed Deandre and Ma'Lenna that if indeed Liberty Funds did authorize Quality
7  Management Group to lease the residence, a proper eviction would be necessary. I advised Deandre and
8  Ma'Lenna if Liberty Funds did not authorize the lease agreement, they would have no rights to the home
9  and would not be allowed to stay at the location. I told both Deandre and Ma'Lenna that the lease
10 appeared fraudulent and suggested they prepare to leave the residence.
11
12 I contacted Rafael on scene and advised I would confirm with Liberty Funds or the listing agent the
13 following day to determine if Liberty Funds authorized the lease. Rafael stated he understood; however,
14 Rafael and his team advised they would provide me additional documents to reconfirm they represented
15 Liberty Funds.
16
17 On 11/14/18, at approximately 1105 hours, I contacted real estate agent, Rhonda Watson, via telephone
18 where she told me the following.
19
20 **RHONDA WATSON'S STATEMENT (OTHER):**
21
22 Rhonda Watson is employed by HomeSmart and is assigned as a realtor agent for the business. On both
23 11/10/18 and 11/11/18, Rhonda conducted an "Open House" at the residence, located at 7891 Slate Creek
24 Road, in the city of Eastvale. Rhonda stated the front yard of the residence contained a "For Sale" sign
25 advertising the sale of the home. Rhonda stated that on both days of the open-house she made entry into
26 the residence by unlocking the key box attached to the front door. Rhonda retrieved the spare key from
27 inside the key box and unlocked the residence. Rhonda explained that the house was clean and empty and
28 no signs indicated anyone was currently residing in the home.
29
30 Rhonda stated she checked the home upon her arrival to determine if anyone was inside for a safety
31 precaution. Rhonda stated there was no clothing in closets, furniture, or photographs on the wall. Rhonda
32 had several potential buyers come through the home during the weekend's open-house. On 11/11/18, at
33 approximately 1500 hours, Rhonda locked and secured the residence and placed the spare key back inside
34 the key box attached the front door. Rhonda confirmed the key box was locked and secured prior to leaving
35 the residence. Rhonda has not returned to the residence since that afternoon. Rhonda had no additional
36 information at the time of the initial interview.
37
38 On 11/14/18, at approximately 1505 hours, I contacted real estate agent, Fadi Haweileh, via telephone,
39 where he told me the following.
40
41 **FADI HAWEILEH'S STATEMENT (OTHER):**
42
43 Fadi Haweileh is employed with Keller Williams Realty and is assigned as a realtor for the business. Fadi
44 was contacted by a potential buyer inquiring about a home for sale, located at 7891 Slate Creek Road, in
45 the city of Eastvale. Fadi utilized the Multiple Listing Services (MLS) database and confirmed the
46 residence was for sale. The MLS indicated the house was vacant and the database provided a combination

FILE NUMBER
EV183170081

CONTINUATION PAGE

Page Number: 3

Case 5:24-cv-01284-SB-BFM    Document 16    Filed 11/25/24    Page 27 of 51    Page ID
#:131

1  code for the key box and code to the security alarm. Fadi scheduled his potential buyers to meet him at the
2  residence on the afternoon of 11/13/18.
3
4  On 11/13/18, at approximately 1300 hours, Fadi responded to the residence prior to the potential buyer's
5  arrival. Upon Fadi's arrival, he observed a black BMW in the driveway of the home. Fadi observed a
6  black male adult exit the vehicle and enter the home. Moments later, Fadi observed a blue colored BMW
7  arrive to the location as well. Fadi stated the driver was a black male adult and the front passenger was a
8  Hispanic female adult. The female exited the vehicle and entered the home. Moments later, the female
9  exited the home and left in the blue BMW in an unknown direction.
10
11  Fadi stated that the listing agent's sign was missing from the frame and he was unable to locate the key box
12  containing the spare key for the residence. Fadi contacted the listing agent, Lisa Bird, and informed her that
13  the house was occupied and advised that a vehicle was parked in the driveway of the home. Lisa informed
14  Fadi that the house was to be vacant and no one was living there. Lisa requested a photograph of the house
15  with the vehicle in the driveway. Fadi took a photograph as she requested and sent it to her, via telephone.
16  Fadi's potential buyers arrived; however, Fadi advised them they could not see the inside due to the fact
17  the house was occupied. Fadi and his potential buyers viewed the exterior of the home and left without
18  further incident. Fadi had no additional information at the time of the initial interview.
19
20  After confirming the above details from both realtors, I contacted the listing agent, Lisa Bird, where she
21  told me the following.
22
23  **LISA BIRD'S STATEMENT (OTHER):**
24
25  Lisa Bird is the listing agent for the residence, located at 7891 Slate Creek Road in the city of Eastvale.
26  Lisa is an acting agent on behalf of Liberty Funds and is responsible for the sale of the above listed home.
27  Lisa stated she scheduled her fellow agent, Rhonda Watson, to conduct an open house in attempt to sale
28  the home on both 11/10/18 and 11/11/18. Lisa was advised that the open-house events went well and was
29  not provided any details of the home containing belongings as someone was living at the residence. Lisa
30  explained the residence was vacant and advised the utilities were paid by Liberty Funds until the sale of the
31  home.
32
33  On the afternoon of 11/13/18, realtor agent, Fadi Haweileh, contacted Lisa, via telephone, and informed
34  her that he had arrived to show a potential buyer the home, located at 7891 Slate Creek Road in the city of
35  Eastvale. Fadi told Lisa the house appeared occupied with vehicles in the driveway and there were subjects
36  inside the home. Lisa told Fadi the house was to be vacant and no one lived at the residence. Lisa
37  requested a photograph of the vehicles on the driveway and confirmed the house was not sold. After
38  receiving the information from Fadi, Lisa contacted Liberty Funds and notified them of the possible
39  trespasser(s). Lisa confirmed BDR was representing Liberty Funds and advised they had the authorization
40  to take possession of the home.
41
42  During the investigation I contacted the Riverside County District Attorney's Investigation Bureau and
43  provided the details of the fraudulent lease. The DA investigator utilized the database, from "DataTree"
44  (*Refer to Attachment #2*) which confirmed the house was currently for sale by the owner, Liberty Funds
45  LLC. The Riverside County District Attorney's Investigation Bureau informed me the lease provided by
46  Ma'Lenna could not be legitimate if Liberty Funds did not indicate the authorization by either Deandre or

**CONTINUATION PAGE**

1   Quality Management Group. I contacted the Riverside County Sheriff Department's Civil Bureau and
2   notified their staff of the above details. The Civil Bureau confirmed Liberty Funds LLC was the owner
3   and advised Lisa Bird was the acting agent on the business's behalf.
4
5   On 11/14/18, at approximately 1300 hours, the Riverside County Sheriff Department's Civil Bureau, Inv.
6   Medina #4020, and I, met BDR at the residence. The Civil Bureau attempted to make contact at the door
7   on multiple occasions and received no answer. The Civil Bureau confirmed BDR was acting on behalf of
8   the home owner and allowed them to make entry into the home. The Civil Bureau and I confirmed the
9   house did not possess and people, to insure the safety of BDR employees. The Civil Bureau allowed BDR
10  to take possession of the home. BDR changed the locks on the home, per their policy, and placed "No
11  Trespassing" signs throughout the home's exterior doors and windows. BDR locked and secured the home
12  before leaving the residence. I attempted to contact both Deandre and Ma'Lenna, via telephone, on
13  multiple occasions in attempt to notify them of the recent events. Neither Deandre nor Ma'Lenna
14  answered their telephones.
15
16  The following morning BDR arrived at the home and discovered Deandre and Ma'Lenna had entered the
17  residence, paying no regard to the 'No Trespassing' signs posted on the home. BDR contacted the
18  Riverside County Sheriff's Department and requested a private person's arrest for both Deandre Martin
19  and Ma'Lenna Capers for Trespassing (*Refer to Deputy Martinez's Supplemental Report for Further*).
20
21  The following days, both Deandre and Ma'Lenna responded to the station and requested I allow them back
22  into the home. I explained Liberty Funds did not authorize the lease agreement and offered to complete a
23  fraud report, due to their fraudulent lease from Quality Management Group. Deandre appeared
24  uninterested in filing the report for the fraud and continued requesting an explanation for not being
25  removed through the eviction process. I explained the details to both Deandre and Ma'Lenna; however,
26  they continued to state they needed to be evicted from the home. Deandre and Ma'Lenna advised they
27  would file a suit against me and the department for violating their civil leasing rights.
28
29  Due to the fact Deandre and Ma'Lenna would not commit to filing a fraud report, this report will be
30  written for documentation purposes only.
31
32  **CASE STATUS:**
33
34  Exceptional

# EXHIBIT F

FILE # EV1831+0081
ATTACHMENT #1



**CALIFORNIA ASSOCIATION OF REALTORS®**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 2017)

Quality Management Group _____ ("Landlord") and
DeAndre Martin & MaLenna Capers _____ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _Rent To Own_
   7891 Slate Creek Road Corona, Ca 92880 _____ ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: DeAndre Martin , Malenna Capers & Childern _____
   C. The following personal property, maintained pursuant to paragraph 11, is included: Rent To Own _____
   _____ or ☐ (if checked) the personal property on the attached addendum.

2. **TERM:** The term begins on (date) 11/01/2018 _____ ("Commencement Date"), (Check A or B):
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☑ B. **Lease:** and shall terminate on (date) 11/01/2021 _____ at 5:30 ☐ AM/ ☑ PM.
   Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have in writing extended this agreement or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ 2,375 _____ per month for the term of the Agreement.
   B. Rent is payable in advance on the **1st (or ☑ 5th _____ ) day** of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.
   D. **PAYMENT:** Rent shall be paid by ☑ personal check, ☑ money order, ☑ cashier's check, ☑ other Cash _____ , to (name) Quality Management Group _____ (phone) (818) 940 1916 _____ at (address) 14852 Carmenita Road, Norwalk, Ca 90805 _____
   (or at any other location subsequently specified by Landlord in writing to Tenant) between the hours of 7:30am _____ and 5:00pm _____ on the following days Monday Thru Thrusday _____ . If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☑ money order, or ☑ cashier's check.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ 1,500 _____ as a security deposit. Security deposit will be ☑ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: **(1)** furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and **(2)** return any remaining portion of the security deposit to Tenant.
   C. **Security deposit will not be returned until all Tenants have vacated the Premises. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.**
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to Bradley Wellner _____ shall be paid by ☑ personal check, ☑ money order, ☑ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from 11/01/2018 to 12/01/2018 (date) | 2,375 | 2,375 | 0 | 11/01/2018 |
| *Security Deposit | 1,500 | 1,500 | 0 | 11/01/2018 |
| Other pet | 225 | 225 | 0 | 11/01/2018 |
| Other | | | | |
| Total | 4,100 | 4,100 | 0 | 11/01/2018 |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( )( )
Landlord's Initials ( )( )

**LR REVISED 2017 (PAGE 1 OF 6)**

Reviewed by _____ Date _____

Form Made Fillable by RentalLeaseAgreements.com

EQUAL HOUSING OPPORTUNITY

Premises: 7891 Slate Creek Road Corona, Ca 92880                                                                    Date: 11/01/2018

**6. LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) **calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ 380_____ or _____ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

☑ A. Parking is permitted as follows: Any _____

The right to parking ☐ is ☑ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

OR ☐ B. Parking is not permitted on the Premises.

**8. STORAGE: (Check A or B)**

☑ A. Storage is permitted as follows: Any _____
The right to storage space ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

OR ☐ B. Storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: Trash _____ except electricity, Water ,Gas _____ , which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).

**(Check all that apply:)**

☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: none _____

☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

☐ C. Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ _____ ) **days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.

☐ D. Other: _____

**11. MAINTENANCE:**

A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

B. ☑ Landlord ☐ Tenant shall water the garden, landscaping, trees and shrubs, except: _____

C. ☑ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____

D. ☑ Landlord ☐ Tenant shall maintain _____

E. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

F. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____

**LR REVISED 2017 (PAGE 2 OF 6)**

Tenant's Initials ( ᴠM )( ᴜC )
Landlord's Initials ( )( )
Reviewed by _____ Date _____


EQUAL HOUSING OPPORTUNITY

Premises: 7891 State Creek Road Corona, Ca 92880                                    Date: 11/01/2018

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**13. PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: Two Dogs And Cat

**14. RULES/REGULATIONS:**
   A.   Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
   B.   **(If applicable, check one)**
       ☐ **1.** Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or _____
       OR ☒ **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

**15.** ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
   A.   The Premises is a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____
       Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
   B.   **(Check one)**
       ☐ **1.** Landlord shall provide Tenant with a copy of the HOA rules and regulations within _____ days or _____
       OR ☒ **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the HOA rules and regulations.

**16. ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 27C, without Landlord's prior written consent, **(i)** Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; **(ii)** Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; **(iii)** Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and **(iv)** any deduction made by Tenant shall be considered unpaid Rent.

**17. KEYS; LOCKS:**
   A.   Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____ ):
       ☐ 2  _____ key(s) to Premises,                          ☐ 2  _____ remote control device(s) for garage door/gate opener(s),
       ☐ 1  _____ key(s) to mailbox,                          _____
       ☐ _____ key(s) to common area(s),                     _____
   B.   Tenant acknowledges that locks to the Premises ☐ have ☒ have not, been re-keyed.
   C.   If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

**18. ENTRY:**
   A.   Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
   B.   Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: **(i)** to enter in case of an emergency; **(ii)** if the Tenant is present and consents at the time of entry or **(iii)** if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
   C.   ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

**19. SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

**20. ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

**21. JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

LR REVISED 2017 (PAGE 3 OF 6)

Tenant's Initials ( )( )
Landlord's Initials ( )( )
Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

Premises: 7891 Slate Creek Road Corona, Ca 92880      Date: 11/01/2018

22. ☐ **LEAD-BASED PAINT (If checked):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

23. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and may contain potentially explosive munitions.

24. ☑ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

25. **DATABASE DISCLOSURE:** NOTICE: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more, and many other local law enforcement authorities maintain for public access a database of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The data base is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals which they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

26. **POSSESSION:**

    A. Tenant is not in possession of the premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within **5 (or** ☐_____ **) calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.

    B. ☑ Tenant is already in possession of the Premises.

27. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**

    A. Upon termination of the Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)**

    _____

    B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.

    C. **Right to Pre-Move-Out Inspection and Repairs as follows: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 27C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

28. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 27, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

29. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

30. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

31. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: **(i)** an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or **(ii)** loss of insurance.

32. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: **(i)** Tenant obtains a valid waterbed insurance policy; **(ii)** Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and **(iii)** the bed conforms to the floor load capacity of Premises.

LR REVISED 2017 (PAGE 4 OF 6)

Tenant's Initials _____

Landlord's Initials _____

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

Premises: 7891 Slate Creek Road Corona, Ca 92880                                                                     Date: 11/01/2018

**33. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

**34. NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

Landlord: Liberty Fund LLC                                          Tenant: DeAndre Martin & MaLenna Capers

P.O. Box #517 Agoura Hills, Ca 91378                               7891 Slate Creek Road Corona, Ca 92880

**35. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**36. TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: **(i)** before occupancy begins; **(ii)** upon disapproval of the credit report(s); or **(iii)** at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

**37. MEDIATION:**

    **A.** Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

    **B.** The following matters are excluded from mediation: **(i)** an unlawful detainer action; **(ii)** the filing or enforcement of a mechanic's lien; and **(iii)** any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

    **C.** Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**38. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 37A.

**39. CAR FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**40. OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** 35% or Rent goes to down payment and 65% to living

The following ATTACHED supplements are incorporated in this Agreement: ☐ Keysafe/Lockbox Addendum (C.A.R.Form KLA);
☐ Interpreter/Translator Agreement (C.A.R. Form ITA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)

**41. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**42. AGENCY:**

    **A. CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:

    Listing Agent: (Print firm name) Gary Riphagen

    is the agent of (check one): ■ the Landlord exclusively; or ☐ both the Landlord and Tenant.

    Leasing Agent: (Print firm name) Bradley Weitner

    (if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ■ both the Tenant and Landlord.

    **B. DISCLOSURE:** ■ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**43.** ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

**44.** ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____ . Landlord and Tenant acknowledge receipt of the attached interpretor/translator agreement (C.A.R. Form ITA).

**45. FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Korean or Vietnamese. Pursuant to the California Civil Code Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

Tenant's Initials (          )(          )
Landlord's Initials (          )(          )

Reviewed by _____ Date _____

LR REVISED 2017 (PAGE 5 OF 6)

Premises: 7891 Slate Creek Road Corona, Ca 92880                                                          Date: 11/01/2018

Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

Tenant Deandre Martin                                                                        Date 11/01/2018
Address 8094 Tuscanny Street                        City Fontana              State Ca   Zip 92336
Telephone (909) 775 3478       Fax _____        E-mail _____

Tenant MaLenna Capers                                                                       Date 11/01/2018
Address 8094 Tuscanny Street                        City Fontana              State Ca   Zip 92880
Telephone _____             Fax _____        E-mail _____

**46.** ■  **GUARANTEE:** In consideration of the execution of the Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) Bradley Wellner
Guarantor _____
Address 14625 Carmenita Road                        City Norwalk             Date _____
Telephone (818) 940-1916       Fax _____        E-mail _____         State Ca   Zip 90605

**47. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).
**48. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

Landlord Liberty Fund LLC                                                                    Date 11/01/2018
(Owner or Agent with authority to enter into this Agreement)

Landlord _____                                                                            Date _____
(Owner or Agent with authority to enter into this Agreement)

Landlord Address P.O. Box # 517                      City Agoura Hills        State Ca   Zip 92880
Telephone _____             Fax _____        E-mail _____

**REAL ESTATE BROKERS:**
**A.** Real estate brokers who are not also Landlord under the Agreement are not parties to the Agreement between Landlord and Tenant.
**B.** Agency relationships are confirmed in paragraph 42.
**C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Leasing Firm) _Bradley Willner_
By (Agent) _[signature]_                                                                     Date 11-01-18
Address _____                                     City _____             State ___  Zip _____
Telephone _____             Fax _____        E-mail _____

Real Estate Broker (Listing Firm) _____
By (Agent) _____                                                                          Date _____
Address _____                                     City _____             State ___  Zip _____
Telephone _____             Fax _____        E-mail _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Reviewed by _____  Date _____

**LR REVISED 2017 (PAGE 6 OF 6)**

# EXHIBIT G

DOC # 2018-0344337
08/28/2018 08:00 AM Fees: $37.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA #309

RECORDING REQUESTED BY AND
**WHEN RECORDED MAIL TO**

Liberty Fund, LLC
P.O. Box 517
Agoura Hills, CA 91376

**Mail Tax Statements to:**
Liberty Fund, LLC
P.O. Box 517
Agoura Hills, CA 91376

*ATTACHMENT #3*

---

TS No. 1673-101     APN: 130-471-007                    (SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
The grantee herein IS the foreclosing beneficiary.          *TRA - 027 - 002*
The amount of the unpaid debt together with costs was:  $5,866.58
The amount paid by the grantee at the trustee sale was:  $119,000.00
The documentary transfer tax is:  $130.90
Said property is in the City of Corona, County of RIVERSIDE.

Tary C. Loomis-Therrien, as Trustee (whereas so designated in the Notice of Delinquent Assessment Lien hereunder more particularly described or as duly appointed Trustee) does hereby grant and convey, but without covenant or warranty, express or implied, to:

Liberty Fund, LLC, a Delaware Limited Liability Company

(herein called Grantee) the following described property situated in the County of Riverside and State of California:

Lot 134, of Tract No. 30735, in the County of Riverside, State of California, as shown by map on file in book 366, pages 42 through 57, inclusive, of Maps, in the office of the County Recorder of said County, and purportedly known as **7891 Slate Creek Road, Corona, California 92880.**

This conveyance is made pursuant to the terms and provisions of the Declaration of Covenants, Conditions and Restrictions ("CC&R's") recorded on October 29, 2004, as Instrument No.: 2004-0862147 of the Official Records of Riverside County, California and California Civil Code Section 5675, to satisfy the obligation secured by an Notice of Delinquent Assessment Lien recorded on December 10, 2012 as Document Number 2012-0597650 in the Official Records of Riverside, California. This sale was subject to the Right of Redemption under California Civil Code Section 5715 (previously Section 1367.4 (a)(4)). The redemption period was 90 days after the sale date of May 22, 2018. Said right of redemption has now expired.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Said property was sold by said Trustee at public auction on May 22, 2018 at the place named in the Notice of Sale in the County of Riverside, State of California, in which the property is situated.

The name of the purported owner of the property as the time of the sale was Charles Brown, whose last known address was 7891 Slate Creek Road, Corona, California 92880.

Dated:   August 24, 2018

By:   _____
        Tary C. Loomis-Therrien,
        Trustee

TRUSTEE'S DEED UPON SALE
APN: 130-471-007
Page 2 of 2

Case 8:24-cv-01284-SB-DFM   Document 16   Filed 11/25/24   Page 38 of 51   Page ID
#:142

DOC #2018-0344337   Page 2 of 2

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA )
County of Orange )

On August 24, 2018, before me, Donna L Bohna, a Notary Public, personally appeared TARY C. LOOMIS-THERRIEN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and Official Seal.

Signature _____   (Seal)

DONNA L. BOHNA
Notary Public - California
Orange County
Commission # 2150067
My Comm. Expires May 20, 2020

# EXHIBIT H

# INCIDENT REPORT

| DATE PREPARED: | 11/16/2018 | RIVERSIDE COUNTY SHERIFF CA0330000 | ☐ INITIAL | ☒ SUPPLEMENTAL |
|---|---|---|---|---|

| 1. FILE NUMBER EV183170081 | 2. DATE/TIME REPORTED | 3. DATE/TIME ASSIGNED | 4. DATE/TIME INV. START | 5. DATE/TIME INV. TERM | 6. ADULT ARR 1 | 7. JUV ARR 0 |
|---|---|---|---|---|---|---|

| 8. OFFENSES – CODE SECTION 602.5 P.C. | CRIME Tresspassing | | COUNTS 01 | 9. EDP CODE 24T2-M |
|---|---|---|---|---|
| 10. OFFENSES – CODE SECTION (Add or Change to) | CRIME | | COUNTS | 11. EDP CODE |
| 12. OFFENSES – CODE SECTION (Add or Change to) | CRIME | | COUNTS | 13. EDP CODE |

| 14. LOCATION OF OCCURRENCE 7891 Slate Creek Rd., Eastvale | 15. REP. DIST. 012E | 16. OCCURRED ON- 11/15/2018 | DATE/TIME 0822 | 17. OR BETWEEN | DATE/TIME |
|---|---|---|---|---|---|

| 18. BUSINESS NAME | 19. BUSINESS PHONE | 20. CASE STATUS/ CLEARANCE Arrest |
|---|---|---|

**21. WAS THIS INCIDENT RELATED TO MARIJUANA?**  ☐ YES  ☒ NO     (If yes, briefly include in narrative or additional details how it was related)

## VICTIM – REPORTING PARTY – WITNESS – OTHERS:     ☐ SEE ADDITIONAL PERSONS REPORT

| 22. INVL Rep | 23. NAME (Last, First, Middle) Mendoza, Andrew | 24. SEX M | 25. RACE H | 26. DOB | 27. AGE | 28. HT | 29. WT | 30. HAIR | 31. EYES | 32. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|

| 33. RESIDENCE ADDRESS BDR Inc. | CITY | ZIP | 34. EMAIL ADDRESS | 35. RES. PHONE |
|---|---|---|---|---|
| 36. BUSINESS ADDRESS P.O. Box 410 | CITY Agoura Hills | ZIP 91736 | 37. EMAIL ADDRESS | 38. BUS. PHONE 818 483-4851 |

| 39. INVL Vic | 40. NAME (Last, First, Middle) BDR Inc | 41. SEX | 42. RACE | 43. DOB | 44. AGE | 45. HT | 46. WT | 47. HAIR | 48. EYES | 49. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|

| 50. RESIDENCE ADDRESS | CITY | ZIP | 51. EMAIL ADDRESS | 52. RES. PHONE |
|---|---|---|---|---|
| 53. BUSINESS ADDRESS P.O. Box 410 | CITY Agoura Hills | ZIP 91736 | 54. EMAIL ADDRESS | 55. BUS. PHONE 818 483-4851 |

## SUSPECT:  ☒ ADULT  ☐ JUVENILE     ☐ PAROLE  ☐ PROBATION     ☒ SEE ADDITIONAL PERSONS REPORT  ☒ ARRESTED

| 56. SUS# 01 | 57. NAME (Last, First, Middle) Martin, Deandre Terrence | 58. SEX M | 59. RACE B | 60. DOB 11/18/1986 | 61. AGE 32 | 62. HT 600 | 63. WT 185 | 64. HAIR Blk | 65. EYES Bro | 66. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|

| 67. DRIVER'S LICENSE NUMBER / ID NUMBER D7175074 | IN POSSESSION YES☐ NO☒ | 68. STATE CA | 69. SOCIAL SECURITY NUMBER 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 | 70. MNI NUMBER 2175353 | 71. CII NUMBER A26204905 |
|---|---|---|---|---|---|

| 72. RESIDENCE ADDRESS 8094 Tuscany St. | CITY Fontana | ZIP 92335 | 73. EMAIL ADDRESS | 74. RES. PHONE 909 775-3478 |
|---|---|---|---|---|
| 75. BUSINESS ADDRESS | CITY | ZIP | 76. EMAIL ADDRESS | 77. BUS. PHONE |

| 78. JUVENILE DISPOSITION | ☐ OTHER JURIS. | ☐ JUV. CRT. PROB. | ☐ WITHIN DEPT. | ☐ DETAINED | ☐ NOT DETAINED |
|---|---|---|---|---|---|

**79. GANG DATA**

GANG NAME(S): _____

☐ Member  ☐ Associate  ☐ Self-Admit  ☐ Prior Knowledge

**80. TATTOOS/SCARS/MARKS/CLOTHING DESCRIPTION**

TATTOOS / SCARS / MARKS
☐ Face ☐ Neck ☐ R. Arm ☐ L. Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs

## VEHICLE:  ☐ REFER TO CHP 180 FORM FOR STOLEN, RECOVERED, TOWED OR IMPOUNDED

| 81. INVL | 82. LICENSE | 83. STATE | 84. YEAR | 85. MAKE | 86. MODEL | 87. BODY STYLE | 88 S/L/R/O Code: | AUTO VALUE $ |
|---|---|---|---|---|---|---|---|---|

| 89. COLOR/COLOR | 90. VIN # | 91. OTHER IDENTIFIERS | 92. DISPOSITION OF VEHICLE |
|---|---|---|---|

| 93. REGISTERED OWNER | 94. ADDRESS | CITY | STATE | ZIP | 95. PHONE |
|---|---|---|---|---|---|

☐ PROPERTY REPORT ATTACHED FOR STOLEN, RECOVERED OR DAMAGED PROPERTY

| 101. DAMAGED PROPERTY VALUE $ |
|---|

| REPORTING OFFICER X. Martinez | OFFICER I.D. 3698 | REVIEWED BY/DATE | ENTERED BY/DATE | ENTERED BY/DATE |
|---|---|---|---|---|
| COPIES TO | | APR SENT: | APR CANCELLED: | DOJ-NCIC ENTERED | DOJ-NCIC CANCELLED |

Riverside County Sheriff-Incident Report Form A 435 (Revised 01-23-2018)

# ADDITIONAL PERSONS REPORT

## RIVERSIDE COUNTY SHERIFF CA0330000

FILE NUMBER
EV183170081

☐ INITIAL   ☒ SUPPLEMENTAL

**SUSPECT:** ☒ Adult   ☐ Juvenile       ☐ Parole   ☐ Probation

☒ ARRESTED

| 1. SUS # | 2. NAME (Last, First Middle) | 3. SEX | 4. RACE | 5. DOB | 6. AGE | 7. HT | 8. WT | 9. HAIR | 10. EYES | 11. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Capers, Ma'Lenna Latonya Anita | F | B | 030396 | 22 | 506 | 145 | Brn | Brn | |

| 12. DRIVERS LICENSE NUMBER/ID NUMBER | 13. STATE | 14. SOCIAL SECURITY NUMBER | 15. MNI NUMBER | 16. CII NUMBER |
|---|---|---|---|---|
| Y2965753 | CA | 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 | None | None |

| 17. RESIDENCE ADDRESS | CITY | ZIP | 18. EMAIL | 19. RES. PHONE |
|---|---|---|---|---|
| 8094 Tuscany St. | Fontana | 92336 | | Unknown |

| 20. BUSINESS ADDRESS | CITY | ZIP | 21. EMAIL | 22. BUS. PHONE |
|---|---|---|---|---|
| | | | | |

| 23. JUVENILE DISPOSITION: [ ] Other Juris. [ ] Juv. Crt. Prob. [ ] Within Dept. [ ] Detained [ ] Not Detained |
|---|

| 24. GANG DATA | 25. TATTOOS/SCARS/MARKS/CLOTHING DESCRIPTION |
|---|---|
| Gang Name(s): _____ <br><br> ☐ Member  ☐ Associate  ☐ Self Admit  ☐ Prior Knowledge | |

**TATTOOS/SCARS/MARKS**
☐ Face ☐ Neck ☐ R. Arm ☐ L. Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs

---

**SUSPECT:** ☐ Adult   ☐ Juvenile       ☐ Parole   ☐ Probation

☐ ARRESTED

| 26. SUS # | 27. NAME (Last, First Middle) | 28. SEX | 29. RACE | 30. DOB | 31. AGE | 32. HT | 33. WT | 34. HAIR | 35. EYES | 36. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| 37. DRIVERS LICENSE NUMBER/ID NUMBER | 38. STATE | 39. SOCIAL SECURITY NUMBER | 40. MNI NUMBER | 41. CII NUMBER |
|---|---|---|---|---|
| | | | | |

| 42. RESIDENCE ADDRESS | CITY | ZIP | 43. EMAIL | 44. RES. PHONE |
|---|---|---|---|---|
| | | | | |

| 45. BUSINESS ADDRESS | CITY | ZIP | 46. EMAIL | 47. BUS. PHONE |
|---|---|---|---|---|
| | | | | |

| 48. JUVENILE DISPOSITION: [ ] Other Juris. [ ] Juv. Crt. Prob. [ ] Within Dept. [ ] Detained [ ] Not Detained |
|---|

| 49. GANG DATA | 50. TATTOOS/SCARS/MARKS/CLOTHING DESCRIPTION |
|---|---|
| Gang Name(s): _____ <br><br> ☐ Member  ☐ Associate  ☐ Self Admit  ☐ Prior Knowledge | |

**TATTOOS/SCARS/MARKS**
☐ Face ☐ Neck ☐ R. Arm ☐ L. Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs

---

**SUSPECT:** ☐ Adult   ☐ Juvenile       ☐ Parole   ☐ Probation

☐ ARRESTED

| 51. SUS # | 52. NAME (Last, First Middle) | 53. SEX | 54. RACE | 55. DOB | 56. AGE | 57. HT | 58. WT | 59. HAIR | 60. EYES | 61. SKIN |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| 62. DRIVERS LICENSE NUMBER/ID NUMBER | 63. STATE | 64. SOCIAL SECURITY NUMBER | 65. MNI NUMBER | 66. CII NUMBER |
|---|---|---|---|---|
| | | | | |

| 67. RESIDENCE ADDRESS | CITY | ZIP | 68. EMAIL | 69. RES. PHONE |
|---|---|---|---|---|
| | | | | |

| 70. BUSINESS ADDRESS | CITY | ZIP | 71. EMAIL | 72. BUS. PHONE |
|---|---|---|---|---|
| | | | | |

| 73. JUVENILE DISPOSITION: [ ] Other Juris. [ ] Juv. Crt. Prob. [ ] Within Dept. [ ] Detained [ ] Not Detained |
|---|

| 74. GANG DATA | 75. TATTOOS/SCARS/MARKS/CLOTHING DESCRIPTION |
|---|---|
| Gang Name(s): _____ <br><br> ☐ Member  ☐ Associate  ☐ Self Admit  ☐ Prior Knowledge | |

**TATTOOS/SCARS/MARKS**
☐ Face ☐ Neck ☐ R. Arm ☐ L. Arm ☐ Hands ☐ Torso ☐ Back ☐ Legs

Riverside County Sheriff-Adpers (c) Form 452 (Revised 11-02-2017)

| FILE NUMBER |
|---|
| EV183170081 |

**CONTINUATION PAGE**

Page Number:    3

1  **Evidence:**
2  <u>Item</u>   <u>Qty</u>   <u>Description</u>
3  01      01      DVD with VieVu video (ELEETS #2109019)
4
5  I booked the above item at the Norco Sheriff's Station.
6
7  **Details:**
8  On Tuesday, November 13, 2018, I responded to 7891 Slate Creek Rd., in Eastvale to assist
9  Investigator Munoz on a trespassing call.
10
11  On arrival, Investigator Munoz asked me to stay with Sus-Deandre Martin and get his contact
12  information. While obtaining, his personal information, I got a brief statement from Martin. The
13  following is a summary of his statement. Martin said he recently purchased the residence and
14  moved in on November 1st. Martin told me the bank he used was FannieMae. He told me used a
15  real estate agent named "Bradley".
16
17  Investigator Munoz then had me stay with Sus-2 MaLenna Capers while he finished speaking with
18  Martin. Investigator Munoz then spoke with Capers and Martin together. I then stood by as
19  Investigator Munoz explained to both Martin and Capers that they could not be at the location. He
20  told the two they could contact representatives in the morning to arrange a time to get their property
21  from the residence.
22
23  Investigator Munoz asked Capers about the residence. Capers told Investigator Munoz they have
24  a two-year lease for the house. He also asked Capers how they could have moved in to the residence
25  on the first, when there was an open house hosted by the real estate agent. Capers said she did not
26  know anything about an open house. She said they have been moving items in to the house. Capers
27  said she was getting frustrated and did not want to say anything else.
28
29  At about 1856 hours, I left the scene and Investigator Munoz stood by with the parties. On
30  Thursday, November 15, 2018, at 0830 hours, I was dispatched to 7891 Slate Creek Rd., in
31  Eastvale. Dispatch received a call from Oth-1 Andrew Mendoza, who was one of the
32  representatives from BDR Inc. and who was at the location to check on the property.
33
34  Prior to arriving on scene, I spoke with Investigator Munoz by phone to get an update on the
35  property. Investigator Munoz told me he confirmed with the bank, the property was still for sale
36  and had not been sold to anyone. Investigator Munoz also confirmed no one should be living inside
37  the residence. Investigator Munoz told me was at the location with Mendoza on Wednesday
38  11/14/18 to check on the property. Investigator Munoz said Mendoza and his co-workers changed
39  the locks to the residence and placed "No trespassing signs" on the residence. Investigator Munoz
40  said if anyone was inside the residence, they would be subject to arrest if the bank or it's
41  representatives desired prosecution.
42
43

Riverside County Sheriff-Form C 442 Continuation Page (Revised 3-10-2017)

FILE NUMBER

EV183170081

**CONTINUATION PAGE**

Page Number:     4

1  On arrival, Mendoza told me he was at the location on Wednesday (11/14/18), with Investigator
2  Munoz, while they changed the locks and placed "No Tresspassing" signs. He said no one should
3  be at the residence and desired prosecution for trespassing if anyone was at the location.  As I
4  drove up to the location I saw there was a "No Tresspassing" sign posted in the second-floor
5  bedroom window located to the front of the residence. Mendoza again told me there should be no
6  one in the residence and handed me to the key to the residence. I tried the key Mendoza gave me
7  in the door's deadbolt and it did not work.
8
9  I knocked on the door and rang the doorbell several times. A male who I recognized as Martin
10  from the previous day, came out to the upstairs balcony above the front door. I told him to come
11  to the front door to speak with him. Martin came out of the residence and I had Deputy Ayers
12  detain him in my patrol unit. Martin told me Capers was still inside the residence. I had Capers
13  come out of the residence and also detained her in a patrol unit.
14
15  I first spoke with Martin. I explained to Martin Investigator Munoz had confirmed the residence
16  did not belong to him and he had no right to be in the residence. Martin told me he arrived at the
17  residence yesterday (11/13/18) and someone had broken into the residence and changed the locks.
18  I told him the locks had been changed because he had no could not be there. Martin continued to
19  tell me Investigator Munoz told him the company had to give him a three day notice to leave the
20  property. Martin continued to argue he had standing in the residence and that Investigator Munoz
21  told him he could stay at the property. I explained to Martin he was being placed under arrest for
22  trespassing and would be getting released with a citation as long as they left the property. I told
23  Martin he would have to make arrangements to pick up property at a later time.
24
25  I then spoke with Capers and the following is a summary of our conversation. I explained to Capers
26  she and Martin had no right to be at the residence. I told her the locks had been changed by
27  Mendoza and his co-workers yesterday, yet the locks were changed again by either she or Martin.
28  Capers told me she they did not know they had no standing in the residence even though the locks
29  were changed. I told her she was being placed under arrest and would be getting released with a
30  citation as long as they left the property. I told her she would have to make arrangements with
31  Mendoza to pick up their property at a later date.
32
33  Mendoza said he desired prosecution of Martin and Capers on behalf of BDR Inc., and signed a
34  private person's arrest form. Martin and Capers were issued citations and released at the scene. I
35  stood by as Mendoza gave Martin and Capers time to remove some of their belongings from the
36  residence. Martin and Capers were told to contact BDR Inc. to make arrangements to remove their
37  property from the residence. I stood by with Mendoza while Martin and Capers loaded up some of
38  their clothing and property in their vehicle.
39
40  This supplemental report will be forwarded along with Investigator Munoz's initial report to the
41  Riverside County District Attorney's office for Prosecution of Deandre Martin and MaLenna
42  Capers for 602.5 PC, Tresspassing.
43
44  **Case Status:** Arrest

 Riverside County Sheriff-Form C 442 Continuation Page (Revised 3-10-2017)

# EXHIBIT I

**SHERIFF'S DEPARTMENT**
**COUNTY OF RIVERSIDE**
# NOTICE TO APPEAR

☐ MISDEMEANOR  491147
☐ Traffic  ☐ Nontraffic

| Date of Violation | Time | ☐ AM ☐ PM | Day of Week S M T W T F S | Case No. |
|---|---|---|---|---|

Name (First, Middle, Last)  SANDERS  TERRENCE  MARTIN
Owner's Responsibility (Veh. Code, § 40001)

Address  3694  TUSCANNY  ST

City  FONTANA  State  CA  ZIP Code  92335

| Driver Lic. No. | State | Class | Commercial ☐ Yes ☐ No | Age | Birth Date |
|---|---|---|---|---|---|

Sex  M  Hair  BLK  Eyes  BRN  Height  Weight  Race  Other Description

Veh. Lic. No. or VIN   State   Reg. MO/YR
☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b))

Yr. of Veh.   Make   Model   Body Style   Color
☐ HAZARDOUS MATERIAL (Veh. Code, § 353)

Evidence of Financial Responsibility

Registered Owner or Lessee   ☐ Same as Driver

Address   ☐ Same as Driver

City   State   ZIP Code

| Correctable Violation (Veh. Code, § 40610) | ☐ Booking Required (see reverse) | Misdemeanor or Infraction (Circle) |
|---|---|---|

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☑ | 603 PC | TRESSPASSING | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

Speed Approx.  P.F./Max. Spd.  Veh. Lmt.  Safe  Radar  ☐ Continuation Form Issued  N

Location of violation(s) at   City/County of Occurrence  W  E

Comments (Weather, Road & Traffic Conditions)  ☐ Accident  S

EDP Code   EDP Code   EDP Code   Report Dist.

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
X  NIMUNTEZ  3698

Arresting or Citing Officer   I.D. #   VAC. DATES

Date   Name of Arresting Officer if different from Citing Officer   I.D. #   VAC. DATES

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**
X Signature

WHEN:  ON OR BEFORE THIS DATE  07 07 19  Time:  700 AM  ☐ AM ☐ PM
WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE:  RIVERSIDE  COURT/REFEREE AT
COURT PHONE NO.
CITY  RIVERSIDE, CA
☐ To be notified  ☐ You may arrange with the clerk to appear at a night session of the court.

491147

POLICE AGENCY COPY
SEE REVERSE

Judicial Council of California Form
Rev. 06-26-15 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code § 853.9)
TR-130

---

**SHERIFF'S DEPARTMENT**
**COUNTY OF RIVERSIDE**
# NOTICE TO APPEAR

☐ MISDEMEANOR  491146
☐ Traffic  ☐ Nontraffic

| Date of Violation | Time | ☐ AM ☐ PM | Day of Week S M T W T F S | Case No. |
|---|---|---|---|---|

Name (First, Middle, Last)  MALONNA  LATONYA ANN  CAPPS
Owner's Responsibility (Veh. Code, § 40001)

Address  3694  TUSCANNY  ST

City  FONTANA  State  CA  ZIP Code  92335

| Driver Lic. No. | State | Class | Commercial ☐ Yes ☐ No | Age | Birth Date |
|---|---|---|---|---|---|

Sex  F  Hair  BLN  Eyes  BRN  Height  Weight  Race  Other Description

Veh. Lic. No. or VIN   State   Reg. MO/YR
☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b))

Yr. of Veh.   Make   Model   Body Style   Color
☐ HAZARDOUS MATERIAL (Veh. Code, § 353)

Evidence of Financial Responsibility

Registered Owner or Lessee   ☐ Same as Driver

Address   ☐ Same as Driver

City   State   ZIP Code

| Correctable Violation (Veh. Code, § 40610) | ☐ Booking Required (see reverse) | Misdemeanor or Infraction (Circle) |
|---|---|---|

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☑ | 603 PC | TRESSPASSING | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

Speed Approx.  P.F./Max. Spd.  Veh. Lmt.  Safe  Radar  ☐ Continuation Form Issued  N

Location of violation(s) at   City/County of Occurrence  W  E

Comments (Weather, Road & Traffic Conditions)  ☐ Accident  S

EDP Code   EDP Code   EDP Code   Report Dist.

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
X  NIMUNTEZ  3698

Arresting or Citing Officer   I.D. #   VAC. DATES

Date   Name of Arresting Officer if different from Citing Officer   I.D. #   VAC. DATES

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**
X Signature  Malonna Capps

WHEN:  ON OR BEFORE THIS DATE  07 07 19  Time:  700 AM  ☐ AM ☐ PM
WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE:  RIVERSIDE  COURT/REFEREE AT
COURT PHONE NO.
CITY  RIVERSIDE, CA
☐ To be notified  ☐ You may arrange with the clerk to appear at a night session of the court.

491146

POLICE AGENCY COPY
SEE REVERSE

Judicial Council of California Form
Rev. 06-26-15 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code § 853.9)
TR-130

## PROOF OF SERVICE

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place. My business address is: _7777 Mission Blvd_

On (date): _12/6/18_, I served this Notice of Correction on the parties at the address listed below by depositing it in a sealed envelope, postage prepaid, with the United States Postal Service at (city and state): _Riverside CA_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _12/6/18_     _D. Tritton_     ▶     _sign_     _#6702_

Original to Court          (Type or print name)                    (SIGNATURE)

Defendant's Address:

_8094 TUSCANY ST._
_FONTANA, CA 92336_

---

NAME OF COURT: _RIVERSIDE SUPERIOR COURT_
STREET ADDRESS:
MAILING ADDRESS: _4200 MAIN ST._
CITY AND ZIP CODE: _RIVERSIDE, CA 92501_
BRANCH NAME:
TELEPHONE:

### PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT: _XIMENEZ TERRENCE MARTIN_     vs

## NOTICE OF CORRECTION AND PROOF OF SERVICE
(Vehicle Code, § 40505)

| AMENDING OFFICER NAME/ID NO. | DEPARTMENT/AGENCY: |
|---|---|
| _XIMENEZ 3698_ | _RSO_ |

| CITATION NUMBER | CASE NUMBER: |
|---|---|
| _C91147_ | _RI83T70081_ |

1. A Notice to Appear/Notice to Correct Violation was issued to you by an officer of this department on (date):

2. The citation issued to you contained an error as indicated by the items checked below. This notice of correction does not affect the validity of the citation or the required court appearance.

☐ Date/time of violation should be

☐ Date/time of court appearance should be changed

   from _____ to _____

☒ Violation section(s) should be changed

   from _605PC_ to _602.5PC_

☐ Location of Violation should be changed

   from _____ to _____

☐ Other (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _11/6/18_     _____ (Signature of officer)

Form Adopted for Mandatory Use
Judicial Council of California
TR-100 (Rev. January 1, 2004)

AGENCY COPY

## PROOF OF SERVICE

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place. My business address is: _7177 Measure Blvd_

On (date): _1/16/18_ , I served this Notice of Correction on the parties at the address listed below by depositing it in a sealed envelope, postage prepaid, with the United States Postal Service at (city and state): _Riverside CA_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _1/16/18_   _VITPI TAN_        ▶        _N6307_

Original to Court        (Type or print name)                (SIGNATURE)

Defendant's Address:

_8094 TUSCANY ST._

_FONTANA, CA 92336_

---

NAME OF COURT: _RIVERSIDE SUPERIOR COURT_
STREET ADDRESS:
MAILING ADDRESS: _4100 MAIN ST._
CITY AND ZIP CODE: _RIVERSIDE, CA 92501_
BRANCH NAME:
TELEPHONE:

### PEOPLE OF THE STATE OF CALIFORNIA
vs.

DEFENDANT: _HALIMA LATONIA ANITA GATES_

### NOTICE OF CORRECTION AND PROOF OF SERVICE
(Vehicle Code, § 40505)

AMENDING OFFICER NAME/ID NO. _V. MARTINEZ 2898_   DEPARTMENT/AGENCY: _RSO_

CITATION NUMBER: _4911146_   CASE NUMBER: _ZW533700081_

1. A Notice to Appear/Notice to Correct Violation was issued to you by an officer of this department on (date):

2. The citation issued to you contained an error as indicated by the items checked below. This notice of correction does not affect the validity of the citation or the required court appearance.

☐ Date/time of violation should be _____
☐ Date/time of court appearance should be changed
   from _____ to _____
☒ Violation section(s) should be changed
   from _603 PC_ to _602.8 P.C._
☐ Location of Violation should be changed
   from _____ to _____
☐ Other (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _11/16/18_        _____ (Signature of officer)

Form Adopted for Mandatory Use
Judicial Council of California
TR-100 [Rev. January 1, 2004]

AGENCY COPY

# EXHIBIT J

**COUNTY OF RIVERSIDE- SHERIFF'S DEPARTMENT**
**ORDER OF ARREST-BY PRIVATE PERSONS**

FILE: EV18 317008I

AS A PRIVATE PERSON, I _Andrew Mendoza_
(ARRESTING PARTY)

HAVE ARRESTED _Deandre Martin Jr_
(NAME OF DEFENDANT)

FOR:    1. 603 PC
(CHARGE, PC OR CO)

2. _____
(CHARGE, PC OR CO)

3. _____
(CHARGE, PC OR CO)

A PUBLIC OFFENSE COMMITTED IN MY PRESENCE AT:

_7891 SLATE CREEK_
(LOCATION OF OFFENSE)

ON: 11 / 05 / 18        0830    AM/PM
(DATE)                  (TIME)

KNOWING THAT EVERY PERSON WHO REPORTS TO A POLICE OFFICER, DEPUTY SHERIFF, DISTRICT ATTORNEY OR A MEMBER OF THE CALIFORNIA HIGHWAY PATROL THAT A FELONY OR MISDEMEANOR HAS BEEN COMMITTED, KNOWING SUCH REPORT TO BE FALSE, IS GUILTY OF A MISDEMEANOR (§ 148.5 PC).

YOU ARE HEREBY REQUESTED TO TAKE INTO LAWFUL CUSTODY THE ABOVE NAMED DEFENDANT.

I UNDERSTAND THAT A CRIMINAL COMPLAINT MAY BE SIGNED AND FILED AGAINST THE DEFENDANT, UPON INFORMATION AND BELIEF, BY A REPRESENTATIVE OF THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

I WILL APPEAR AS A WITNESS FOR THE PEOPLE IN THE CRIMINAL PROSECUTION OF SAID DEFENDANT.

THE ABOVE PERSON WAS ARRESTED BY ME UNDER THE AUTHORITY OF SECTIONS 834, 837 AND 841 OF THE PENAL CODE OF THE STATE OF CALIFORNIA.

(SIGNATURE OF ARRESTING PARTY)

ON: 11 / 15 / 18        0830    AM/PM
(DATE)                  (TIME)

WITNESS:        DEPUTY X MARTINEZ 3698

DEPUTY _____

THE ARRESTING PARTY WILL BE NOTIFIED OF THE TIME AND DATE OF COURT APPEARANCE.

RIVERSIDE                           White: Booking file
SHERIFF'S DEPARTMENT                 Pink: Victim
FORM NO. 407 (4/88)                 Yellow: D.A. Court

---

**COUNTY OF RIVERSIDE- SHERIFF'S DEPARTMENT**
**ORDER OF ARREST-BY PRIVATE PERSONS**

FILE: EV18 317008I

AS A PRIVATE PERSON, I _Andrew Mendoza_
(ARRESTING PARTY)

HAVE ARRESTED _Malena Capers_
(NAME OF DEFENDANT)

FOR:    1. 603 PC
(CHARGE, PC OR CO)

2. _____
(CHARGE, PC OR CO)

3. _____
(CHARGE, PC OR CO)

A PUBLIC OFFENSE COMMITTED IN MY PRESENCE AT:

_7891 SLATE CREEK_
(LOCATION OF OFFENSE)

ON: 11 / 15 / 18        0830    AM/PM
(DATE)                  (TIME)

KNOWING THAT EVERY PERSON WHO REPORTS TO A POLICE OFFICER, DEPUTY SHERIFF, DISTRICT ATTORNEY OR A MEMBER OF THE CALIFORNIA HIGHWAY PATROL THAT A FELONY OR MISDEMEANOR HAS BEEN COMMITTED, KNOWING SUCH REPORT TO BE FALSE, IS GUILTY OF A MISDEMEANOR (§ 148.5 PC).

YOU ARE HEREBY REQUESTED TO TAKE INTO LAWFUL CUSTODY THE ABOVE NAMED DEFENDANT.

I UNDERSTAND THAT A CRIMINAL COMPLAINT MAY BE SIGNED AND FILED AGAINST THE DEFENDANT, UPON INFORMATION AND BELIEF, BY A REPRESENTATIVE OF THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

I WILL APPEAR AS A WITNESS FOR THE PEOPLE IN THE CRIMINAL PROSECUTION OF SAID DEFENDANT.

THE ABOVE PERSON WAS ARRESTED BY ME UNDER THE AUTHORITY OF SECTIONS 834, 837 AND 841 OF THE PENAL CODE OF THE STATE OF CALIFORNIA.

(SIGNATURE OF ARRESTING PARTY)

ON: 11 / 15 / 18        0930    AM/PM
(DATE)                  (TIME)

WITNESS:        DEPUTY X MARTINEZ 3698

DEPUTY _____

THE ARRESTING PARTY WILL BE NOTIFIED OF THE TIME AND DATE OF COURT APPEARANCE.

RIVERSIDE                           White: Booking file
SHERIFF'S DEPARTMENT                 Pink: Victim
FORM NO. 407 (4/88)                 Yellow: D.A. Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT K

**NOTICE OF RIGHT TO RECLAIM ABANDONED PROPERTY**
*ANUNCIO DE LOS DERECHOS DE RECLAMAR PROPIEDAD ABANDONADA*
(CC1988)

To/Para: Previous owner / occupant

When you vacated the premises located at / *Cuando usted desocupó el local ubicado en:*

7891 slate Creek RD corona CA 92880

The following items were left behind / *Los siguientes artículos fueron abandonados:*

Chair's - LAMP - Bed - Sofa loveseat - shose
AtV - TV - Pictures - clothing

The property left behind, as itemized above, may be retrieved at / *La propiedad abandonada, como se detalla anteriormente, puede ser recuperada en:*

7891 Slate Creek RD corona CA 92880

Unless you pay the reasonable cost of storage and take possession of the property to which you are entitled not later than _____ this property may be disposed of pursuant to Civil Code Section 1988. / *A menos que usted pague los costos razonables de almacenaje y tome posesión de la propiedad a la que usted tiene derecho, no más tarder que* 12-04-2018 *esta propiedad puede ser eliminada de acuerdo con la sección 1988 del Código Civil.*

Check one of the following items/ *Marque uno de los siguientes artículos:*

☒ Because this property is believed to be worth less than $700.00, it may be kept, sold, or destroyed without further notice, if you fail to reclaim it before the time indicated. / *Debido a que esta propiedad se cree valorada por debajo de $700.00, puede ser mantenida, vendida o destruida sin previo aviso, si usted no logra recuperarla antes de la fecha indicada:*

☐ If you fail to reclaim the property within the time indicated, it will be sold at public sale after notice of the sale has been given by publication. You have the right to bid on the property at the sale. After the property is sold and the cost of storage, advertising, and the sale is deducted, the remaining will be paid over to the county. You may claim the remaining at any time within one year after the county receives the money. / *Si usted no puede reclamar la propiedad en el plazo indicado, se pondrá en venta pública después de que la Notificación de venta se haya publicado. Usted tiene el derecho de hacer una oferta sobre la propiedad durante la venta. Después de que dicha propiedad haya sido vendida y los costos de almacenaje, publicidad, y la venta hayan sido descontadas, la cantidad restante sera pagado a el condado. Usted podra reclamar el balence dentro de un años después de que el condado reciba el dinero.*

SECURE                                    (818) 483-4851 Ext 222

Owner / Manager Print *Nombre de Dueno/ Gerente*

_____                     11-16-2018

Owner / Manager Sign *Firma de Dueno/ Gerente*